George C. JONES, Jr., and Peggy Linn Jones, Plaintiffs–Appellants,

v.

Lee THOMPSON, a/k/a Morris Lee Thompson, et al., Defendants–Appellees.

No. 92–3199.

United States Court of Appeals, Tenth Circuit.

June 22, 1993.

John R. Sleeman, Jr. of Downey Law Firm, P.C., Denver, CO, for plaintiffs-appellants.

Kenneth J. Reilly of McDowell, Rice & Smith, Overland Park, KS (F. James Robinson, Jr. of Kahrs, Nelson, Fanning, Hite & Kellogg, and Gerrit H. Wormhoudt of Fleeson, Gooing, Coulson & Kitch, Wichita, KS, with him on the brief) for defendants-appellees.

Before MOORE, Circuit Judge, McWILLIAMS and WOOD, Jr., Senior Circuit Judges.*

* Honorable Harlington Wood, Jr., United States Senior Circuit Judge for the Seventh Circuit, sitting by designation.

HARLINGTON WOOD, Jr., Senior Circuit Judge.

Plaintiffs appeal the dismissal of their lawsuit with prejudice as a sanction for noncompliance with court orders. For the reasons stated below, we affirm the district court's decision.

## I.

George and Peggy Jones feel their lawyers have let them down. The Joneses believe their former counsel gave them faulty advice regarding the interplay between federal bankruptcy law and federal tax liability and failed to perfect a security interest in collateral for a promissory note. To recover their losses, the Joneses sued the lawyers for malpractice. In July 1988 the Plaintiffs filed a forty-page complaint. After amendment, the complaint listed twenty-six defendants and sought eight million dollars in damages.

Following two years of litigation the Plaintiffs' lawyers sought to end their representation of the Joneses. Andrew Quiat and Jerry Levy claimed they had not been paid more than $10,000 in expenses and filed a motion to withdraw as counsel on July 24, 1990. The Joneses contested their lawyers' motion, stating they had paid the required amounts. Finding no grounds for the withdrawal and a failure to follow certain procedural rules, the magistrate denied the motion on August 24, 1990. Once again Quiat and Levy filed a motion to withdraw as counsel and this time the Joneses offered no opposition. The magistrate granted the motion on November 27, 1990.

In February 1991 the Joneses found new lawyers, hiring the Colorado firm of Brega & Winters. That firm, in turn, used Jerry Levy as local counsel. This arrangement did not last long. Brega & Winters moved to withdraw as counsel for the Joneses on June 19, 1991, claiming the Plaintiffs failed to pay their fees. The Plaintiffs opposed this motion. On August 2, 1991, Jerry Levy also moved to withdraw as counsel for the Joneses. The Plaintiffs opposed this motion. The

magistrate, wishing to "end this continuous imbroglio between clients and counsel," granted both motions for withdrawal on August 26, 1991.

Despite being bereft of counsel, the magistrate cautioned the Joneses that "they are personally responsible for complying with all orders of the court and time limitations established by the rules of procedure or by court order." The magistrate then ordered a final pretrial conference for December 3, 1991, and stated that "Plaintiffs themselves bear the responsibility to appear at that conference either in person or by counsel and to co-operate with defense counsel in the advance preparation of a joint pretrial order."

Shortly before the pretrial conference was to take place, the magistrate denied George Jones's motion for a protective order against the taking of his deposition without counsel. The magistrate noted that Plaintiff's motion was the fourth motion for a protective order to defer completion of his deposition: "In each instance his attorneys were either seeking leave to withdraw or plaintiff himself was seeking new counsel after such withdrawal."

This state of affairs meant the Defendants, more than three years since the initiation of the lawsuit, had not been able to complete the deposition of George Jones nor even begin the deposition of Peggy Jones. Had the Plaintiffs followed an earlier order of the magistrate, issued in April 1991, their depositions would have been completed by July 15, 1991. In denying Jones's motion for a protective order, the magistrate stated that "Plaintiffs have had ample opportunity to retain counsel" and ordered the Joneses to "present themselves for their depositions whether or not they have retained new counsel."

The pretrial conference took place as scheduled on December 3, 1991. The Plaintiffs, however, failed to heed the magistrate's earlier instructions. Peggy Jones did not appear at the final conference and although George Jones appeared pro se he was unprepared to participate. This prompted the magistrate to issue an order for another pretrial conference on December 23, 1991, and to impose sanctions against the Plaintiffs pursuant to Federal Rule of Civil Procedure 16(f). The sanction was payment of Defendants' attorney's fees for the aborted pretrial conference. Additionally, the magistrate ordered the Plaintiffs to deliver their proposed pretrial order to Defendants by December 16, 1991, and to confer with Defendants the following day regarding the content of their order.

December 16, 1991, came and went without any pretrial order from the Plaintiffs. On December 17, 1991, Defendants called George Jones. Plaintiff told the Defendants he could not continue without a lawyer, had not prepared a pretrial order, would not attend his deposition in January, would not participate in any other discovery, and was not going to appear at the pretrial conference. Defendants responded by filing another motion for sanctions pursuant to Rule 16(f), including contempt orders and attorney's fees and expenses.

True to his word, Jones did not appear at the December 23, 1991, pretrial conference. Nor did Plaintiff Peggy Jones. Only counsel for Defendants showed up. In response, the magistrate issued an order directing the Plaintiffs to show cause why sanctions, "including dismissal of this action, should not be imposed upon them for their failures to appear and to be prepared to proceed with the final pretrial conference on December 3 and again on 23, 1991." A week later the Defendants filed a motion to dismiss with prejudice for Plaintiffs' failure to comply with court orders and failure to prosecute the action. The Plaintiffs countered by requesting the magistrate stay any ruling on his orders and on the Defendants' motion pending review by the district court judge.

On March 4, 1992, the magistrate filed his report with the district court. He noted that at the request of the parties the court had extended the discovery deadline seven times. "All parties should have had adequate opportunities to complete discovery, were it not for repeated motions by plaintiffs to continue or cancel their own depositions." The magistrate stated the "court cannot repeatedly continue deadlines and conferences or give plaintiffs an indefinite period for obtaining

new counsel. They have had sufficient time to find counsel."

After reciting the tortuous history of the case, the magistrate recommended (1) the Defendants' motion for sanctions be sustained and Plaintiffs pay the attorney's fees and costs incurred in the second pretrial conference, (2) that Plaintiffs submit themselves immediately for completion of depositions, (3) that within thirty days the Plaintiffs submit to the court their proposed pretrial order, and (4) that upon failure to comply with the order the action be dismissed.

On April 17, 1992, the district judge issued an order incorporating the magistrate's recommendations. In the judge's opinion, the Plaintiffs "have had ample opportunity to secure, retain and nurture legal counsel in this case. Their inability to do so is neither the fault of the court nor of the defendants." The court therefore ordered Plaintiffs to pay Defendants $1,110 in costs and expenses, to complete depositions, and to submit a pretrial order by April 30, 1992. Failure to comply with the order, warned the court, would result in dismissal with prejudice.

The Plaintiffs did not comply with the district court's order. They did not pay the attorney's fees and expenses nor did they submit a pretrial order. On May 8, 1992, the court on its own motion dismissed the case with prejudice. This appeal followed.

## II.

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. Rule 16(f) enables the court to impose sanctions, including dismissal, when a party fails to appear or appears unprepared at a scheduling or pretrial conference. Rule 37(b)(2) permits the court to strike pleadings or dismiss the action where a party fails to obey an order to provide or permit discovery. Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. A court also has an "inherent power" to "levy sanctions in response to abusive litigation practices." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980); *Turnbull*

*v. Wilcken*, 893 F.2d 256, 258–59 (10th Cir. 1990).

In this case the court used the tools at its disposal to dismiss the case with prejudice after noting the Plaintiffs' "many transgressions," including problems relating to discovery, cooperation and preparation of the pretrial order, and compliance with court orders. We now must examine whether by this dismissal the district court abused its discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam); *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir.1987).

■ Our examination is guided by principles recently enunciated in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992). In *Ehrenhaus*, this court characterized dismissal with prejudice as "an extreme sanction" and cautioned district courts to consider a number of factors before choosing dismissal as a just sanction. *Id.* at 920–21. These factors include (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *Id.* at 921.

■ Regarding the first factor, Plaintiffs argue their failure to attend the pretrial conferences, to submit a proposed pretrial order, and to appear at their depositions did not prejudice the Defendants. Plaintiffs apparently would confine our examination to the time span between the district court's April 17, 1992, and May 8, 1992, orders. Even if we accept these three weeks as the only relevant time period, it is evident the Defendants suffered prejudice in preparing for trial without the opportunity to depose the Plaintiffs. Likewise, the Plaintiffs have prejudiced the Defendants by causing delay and mounting attorney's fees.

Looking beyond this three-week period, as did the district court, it is apparent the Plaintiffs have substantially prejudiced the Defendants. The record shows that the litigation before the magistrate and district court last-

ed almost four years, featured eight scheduling conferences, at least seven separate court-ordered deadlines for termination of discovery, several orders for completion of Plaintiffs' depositions, and two aborted pretrial conferences. At the end of it all the Defendants had still not been able to complete their deposition of George Jones nor even begin their deposition of Peggy Jones. The Plaintiffs' actions during the period between April 17, 1992, and May 8, 1992, were merely the straw that broke the camel's back.

The second factor to be considered is the amount of interference with the judicial process. There can be no question this factor supports the district court's action. Without reciting the Plaintiffs' transgressions again, it is enough to say the Joneses repeatedly ignored court orders and thereby hindered the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party. *Cf. In re Baker*, 744 F.2d 1438, 1441 (10th Cir.1984) (en banc) (managing docket and avoiding unnecessary burdens is matter "most critical" to court), *cert. denied*, 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985).

A litigant's culpability is the third factor and the one on which the Plaintiffs rest the success or failure of their appeal. Essentially, the Plaintiffs admit they failed to comply with court orders but portray themselves as the victims of circumstances. In the Joneses' opinion, they were abandoned by their lawyers in the middle of this litigation and the court did not give them enough time to hire new counsel. Without professional representation, the Plaintiffs say they were simply unable to meet their obligations.

The Joneses note that they filed a motion on November 12, 1991, to extend discovery deadlines by sixty days. Plaintiffs contended that without the extension they would not be able to find counsel since no reputable law firm would undertake such a complex lawsuit with so little time for trial preparation. Finding the Joneses had ample time to retain new counsel, the magistrate denied their motion and the district court upheld the denial. Plaintiffs argue the court's action was an abuse of discretion. We do not agree.

The Joneses have not shown that any law firm would represent them had the sixty-day extension been granted. Following oral argument before this court, the Plaintiffs did submit a copy of a purported fee agreement with a Kansas lawyer. This letter, however, apparently is not in the record. Even if it were, the letter would be of little help to Plaintiffs. We note the agreement is neither signed nor dated. The agreement, moreover, specifies that the lawyer would not represent the Joneses unless he was provided with a release from George Jones's bankruptcy case and the Plaintiffs could reach agreement with their former lawyers regarding liens and outstanding claims and the Plaintiffs paid a $50,000 retainer. There is no evidence any of these conditions were or could have been fulfilled.

In short, the Plaintiffs have not shown that their inability to secure a lawyer rests upon the district court or magistrate or Defendants or anyone but themselves. Nor have the Plaintiffs convinced us they are blameless victims. Even when the Joneses had legal representation they stalled and delayed and missed one discovery deadline after another. When they lost their last lawyer the magistrate warned the Plaintiffs that they bore personal responsibility for fulfilling the court's orders. Even so the Plaintiffs refused to follow those orders.

Turning to the fourth factor, the Joneses admit the court warned them in advance that dismissal of the action would be a likely sanction for noncompliance. The district court's April 17, 1992, order states that if the "plaintiffs fail to comply with the order ... this court will, *sua sponte*, dismiss this case with prejudice as a sanction for the continued abuses ... the plaintiffs have engaged in throughout."

■ Finally, we consider the fifth factor, the efficacy of lesser sanctions. As we noted earlier, dismissal is a severe sanction and is not ordinarily warranted if lesser sanctions would be effective. *Ehrenhaus*, 965 F.2d at 922; *Meade v. Grubbs*, 841 F.2d 1512, 1520 & n. 6 (10th Cir.1988). Here, the district court concluded lesser sanctions would not be effective. The Plaintiffs repeatedly ignored

court orders to submit themselves for depositions, to conclude discovery, and to come prepared to pretrial conferences. With the threat of dismissal facing them, the Plaintiffs still refused to pay attorney's fees and expenses or to produce a pretrial order. The history of this case fully supports the district court's conclusion.[1]

### III.

Dismissing a case with prejudice serves at least two purposes. It penalizes the party whose conduct warrants the sanction and discourages "those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam). The record clearly shows the Plaintiffs flouted numerous court orders, failed to prosecute their case, and abused the discovery process. That the Plaintiffs did not have benefit of counsel at various times was a problem of their own making. Their conduct warrants the sanction imposed and we therefore affirm the district court's dismissal of the Plaintiffs' claims against the Defendants.

**AFFIRMED.**

1. The Tenth Circuit does not have a monopoly on recalcitrant attorneys. *See Castillo v. St. Paul Fire & Marine Ins. Co.,* 938 F.2d 776 (7th Cir. 1991) (lawyer refused to allow another attorney use of phone for discovery conference with judge); *Godlove v. Bamberger, Foreman, Oswald, & Hahn,* 903 F.2d 1145 (7th Cir.1990) (lawyer suing her former firm refused to submit documents for court's in camera examination), *cert. denied,* —— U.S. ——, 111 S.Ct. 1123, 113 L.Ed.2d 230 (1991).