Terry W. MOBLEY, Plaintiff,

v.

Richard McCORMICK, C.E.O. of US West, Inc., Gary Ames, President of US West Communications, Inc., Chris Coles, Robert Hawk, Dan Sutherland, and US West Communications, Inc., a Colorado corporation, Defendants.

Civ. A. No. 94–K–905.

United States District Court, D. Colorado.

April 3, 1995.

Terry W. Mobley, Denver, CO, pro se.

Debra L. O'Connor, US West, Inc., Denver, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This action, on remand from the appellate court, arises out of *pro se* Plaintiff Terry W. Mobley's termination from Defendant U.S. West Communications Inc. Mobley alleges U.S. West terminated him because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981.

Two motions are pending: (1) Defendants' motion to dismiss pursuant to Rule 41(b) for Mobley's failure to comply with both the Federal Rules of Civil Procedure and court orders, and (2) Mobley's motion for a new trial under Federal Rule of Civil Procedure 60(b). I grant the first motion and deny the second.

### I. *Background.*

Mobley's employment with U.S. West began on April 28, 1980. During his tenure there, Mobley openly opposed the company's affirmative action record. This opposition included filing numerous racial discrimination charges against U.S. West on behalf of himself and others. Mobley alleges his vocal opposition to management policies with respect to race reached a crescendo at a training session attended by Defendant McCormick. In short, Mobley contends McCormick, who assured employees before the meeting that they could speak freely and without fear of company retaliation, became hostile toward Mobley and his views when confronted with questions and allegations regarding the effectiveness of U.S. West's affirmative action program. After this meeting, U.S. West placed Mobley on what it termed an "action plan." This plan required Mobley to improve his performance or face termination. Mobley states U.S. West established unreachable goals and provided inadequate supervision and direction so as to render his success under the action plan virtually impossible.

In June 1991, Mobley filed a charge with the EEOC alleging U.S. West discriminated against him because of his race. Seven months later, on January 29, 1992, Mobley filed further discrimination charges, claiming U.S. West terminated his employment in retaliation for filing the initial charge. The EEOC found no impropriety and issued right-to-sue notices to Mobley, which he received on October 1, 1992 and May 28, 1993, respectively. Upon receipt of these notices Mobley filed suit in the Denver District Court on December 30, 1992. In January 1993, U.S. West invoked federal question jurisdiction and removed the action to this court.

On December 27, 1993, Chief Judge Finesilver dismissed the action (No. 93–F–126) without prejudice. The court gave Mobley leave to refile subject to his satisfaction of the following conditions: he be represented by counsel; his counsel be prepaid; Mobley pay all amounts owed to attorneys whom he previously employed; Mobley reimburse Defendant's costs up to and including Defendant's summary judgment motion and motion for sanctions.

On March 25, 1994, Mobley filed the present action without meeting any of the above conditions. Chief Judge Finesilver dismissed the action with prejudice for failure to state a claim on May 12, 1994. Mobley appealed the dismissal.

On November 14, 1994, the Court of Appeals for the Tenth Circuit held the state of the record did not permit it to make an informed decision as to whether the trial court, in imposing the sanction of dismissal, had adequately considered the applicable criteria embodied in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992) and *Jones v. Thompson*, 996 F.2d 261 (10th Cir.1993). *Mobley v. McCormick*, 40 F.3d 337, 340–41 (10th Cir.1994). The appellate court reversed the district court's order imposing the sanction of dismissal with prejudice and remanded the case for "further proceedings not inconsistent with this decision." *Id.* at 341.

On December 16, 1994, Defendants filed a motion to dismiss with prejudice. Mobley did not file a response to the motion. However, on January 13, 1995, he filed "Plaintiff's Motion for New Trial" in which he "move[d] the Court to reconsider and vacate its dismissal of cases # 93–F–126 and 94–F–905, and grant the Plaintiff a new trial." (Pl.'s Mot. New Trial at final page.) On January 19, 1995, this case was reassigned to me.

## II. *Motion to Dismiss.*

Rule 41(b) of the Federal Rules of Civil Procedure allows a defendant to move for involuntary dismissal of an action for a plaintiff's failure to comply with the Federal Rules of Civil Procedure or court orders. Fed.R.Civ.P. 41(b). However, dismissal with prejudice is an extreme sanction which is appropriate only in cases of willful misconduct. *Ehrenhaus,* 965 F.2d at 920. Moreover, when the litigant appears pro se the court must more carefully assess whether other less extreme sanctions would be appropriate. *Id.* at 920 n. 3.

Although I have broad discretion in making a determination on the motion to dismiss, I must give proper consideration to the factors delineated in *Ehrenhaus* and *Jones.* These are: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus,* 965 F.2d at 921; *Jones,* 996 F.2d at 264.

Defendants urge dismissal with prejudice, alleging that all five factors have been satisfied. I consider these factors individually.

Mobley's actions have caused actual prejudice to Defendants. In refusing to comply with court orders, Mobley has ignored procedural requirements, failed to attend scheduled conferences and persisted in refusing to produce requested and necessary information.[1] The result of Mobley's actions has been to force unnecessary delay and costs upon Defendants, factors which both the *Ehrenhaus* and *Jones* courts found to be sufficient to constitute actual prejudice. *Ehrenhaus,* 965 F.2d at 921; *Jones,* 996 F.2d at 264.

Mobley's actions have also interfered with and impeded the judicial process. As in *Jones,* it is sufficient to say that Mobley "repeatedly ignored court orders and thereby hindered the court's management of its docket and its effort to avoid unnecessary burdens on the court and the opposing party." *Jones,* 996 F.2d at 265.

The third factor, Mobley's culpability, is also uncontroverted. Although Mobley places the blame for his failure to comply on his financial limitations and his lack of representation by counsel, the facts do not support his position. As Defendants note, Mobley has historically had difficulty retaining attorneys. In fact, two, if not three, attorneys have at one time or another represented Mobley in this or the previous action. Moreover, as in *Ehrenhaus,* Mobley's actions of "simply and intentionally refusing to appear" constitute bad faith and wilful and intentional disobedience of court orders. *Ehrenhaus,* 965 F.2d at 921.

The fourth *Ehrenhaus* factor is also satisfied. Mobley was aware that dismissal could result from his noncompliance and misconduct. When the court dismissed the first action without prejudice, it informed Mobley that failure to comply with the court's conditions would preclude him from refiling.

Finally, lesser sanctions would not be effective. As in *Jones,* plaintiff here has "repeatedly ignored court orders to submit

---

**1.** In its motion to dismiss and in a separate document submitted at the time of oral argument, Defendants detail the numerous extensions of time granted to Mobley to prepare a joint stipulation and discovery order; Mobley's failure to comply with at least three court orders and failure to appear at two court proceedings; and six occasions on which Defendants have moved against Mobley for procedural violations. In the course of oral argument, Mobley attempted to explain some of his delays with regard to the joint stipulation and his failure to comply with court orders regarding the production of certain documents. The overwhelming impression, however, is that on numerous occasions Mobley has flouted this court's authority and ignored its warnings.

**602**

[himself] for depositions, to conclude discovery, and to come prepared to pretrial conferences." *Jones,* 996 F.2d at 265–66. None of the court's attempts to force Mobley to conform his behavior have been successful. Even with the threat of dismissal facing him, Mobley still refused to comply when he refiled this action without adhering to the conditions set by the court or make a credible showing that the failure to comply was due to factors beyond his control.

Mobley's actions exceed the limits of judicial tolerance. He has repeatedly and intentionally flouted, disregarded and disobeyed the orders of this court, while simultaneously failing to offer any satisfactory justification for his actions. Upon consideration of the factors delineated by the *Ehrenhaus* and *Jones* courts, I conclude dismissal with prejudice is the appropriate sanction.

### III. *Motion for a New Trial.*

Mobley's motion for a new trial is without foundation. Insofar as the motion requests me to "reconsider and vacate the dismissal without prejudice, entered in December 1993, in case # 93–F–126," (Pl.'s Mot. New Trial at first page), that case was previously dismissed and is not before me.

Insofar as the motion requests a "new trial" on the merits of the instant case, there has been no trial to date. When Plaintiff's attention was drawn to this fact at the time of oral argument, he requested that the case simply proceed to trial on the merits. However, in light of my decision above to dismiss the case pursuant to Rule 41(b), this request is now moot.

IT IS ORDERED THAT Defendants' Motion to Dismiss is GRANTED WITH PREJUDICE;

IT IS FURTHER ORDERED THAT Plaintiffs' Motion for New Trial is DENIED.