F I L E D
United States Court of Appeals
Tenth Circuit

FEB 12 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARL W. CONNELLY,

     Plaintiff-Appellant,

v.

LARRY KEHOE; TIM DABBS;
CHARLIE DANIELS; and CARL
JOHNSON, in their individual and
official capacities,

     Defendants-Appellees.

No. 96-2284
(D.C. No. CIV-95-692-LH)
(New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Carl W. Connelly brought suit against three supervisors and one co-

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

employee of the New Mexico Taxation and Revenue Department, Motor Transportation Division, alleging claims under Title VII and 42 U.S.C. § 1983. The district court ultimately dismissed this action with prejudice as a sanction. Mr. Connelly appeals and we affirm.

Mr. Connelly was originally represented in this employment action, filed on June 28, 1995, by the law offices of W.T. Martin, Jr. On June 17, 1996, Mr. Martin moved to withdraw as counsel because of Mr. Connnelly's failure to cooperate and pay costs incurred on his behalf. While Mr. Connelly was searching for new counsel defendants served a motion on August 5, 1996, to compel an independent psychological evaluation of Mr. Connelly, the production of certain documents, and payment of costs. On August 28, the district court permitted Mr. Martin to withdraw and granted entry of local attorney Terry Word and Texas attorney John Lesly as Mr. Connelly's new counsel. Defendants contacted Mr. Lesly about the discovery motion, but Mr. Lesly never returned their telephone calls. On September 6, defendants filed a motion to compel detailing Mr. Connelly's history of delay and asserting defendants' prejudice. They submitted a proposed order to Magistrate Deaton along with a letter indicating that they had never received a response from Mr. Lesly. A copy of this letter was also mailed to Mr. Lesly. On October 3, Magistrate Deaton granted the motion to compel and ordered payment of costs and the production of Mr.

Connelly's medical records and 1995 tax returns. The order also specifically admonished Mr. Connelly to cooperate in discovery or have his action dismissed. Although defendants received a check for the payment of costs, Mr. Connelly failed to comply with the rest of the order.

In the meantime, on September 11, one of the defendants moved for summary judgment contending that as a co-employee he was not a proper defendant in a Title VII or section 1983 action. On September 30, defendants moved for summary judgment on res judicata grounds. Mr. Connelly's responses to these motions were due on September 30, and October 17, respectively. Mr. Connelly did not timely respond to either of them.[1]

A Rule 16 settlement conference was scheduled for October 16. Neither Mr. Connelly, Mr. Word, nor Mr. Lesly attended the conference. Nor did they provide notice or an explanation to the court for their absence.

On October 28, because defendants had not received any response from Mr. Connelly or his attorneys concerning the summary judgment motions, defendants submitted papers which outlined Mr. Connelly's failure to prosecute this case and requested that the action be dismissed. On October 30, the district court granted

---

[1] Mr. Lesly allegedly mailed a response to defendants' motion for summary judgment on res judicata grounds on October 29. The response was filed in the district court on November 1--two days after the court had already dismissed the action and well past the due date.

the summary judgment motions and dismissed the case with prejudice, specifically citing as grounds for dismissal Mr. Connelly's failure to respond to these motions which constituted his consent to them under local rules, his failure to comply with the Magistrate's discovery order, and his failure to attend the settlement conference.

Although the district court characterized its dismissal as a grant of summary judgment, we view the order more properly as an involuntary sanction dismissal under Fed. R. Civ. P. 16(f), 37(b)(2), and 41(b) for a party's failure to appear at a pretrial conference, obey discovery orders, or prosecute an action. We review such dismissals under an abuse of discretion standard. Jones v. Thompson, 996 F.2d 261, 264 (10th Cir. 1993).

Before imposing dismissal as a sanction, the district court must consider the following factors: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions. Id. These factors do not constitute a "rigid test," but rather represent criteria to guide the court in its decision. Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992). Ordinarily the district court should address these factors on the record. Id. Only when these factors outweigh the judicial system's strong predisposition to resolve

cases on their merits is dismissal an appropriate sanction.  Id.

Although dismissal is a drastic sanction, "we have repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).  Here, Mr. Connelly has repeatedly failed to cooperate in the discovery process and obey court orders and rules, which has resulted in delaying these proceedings.  Despite the Magistrate's explicit warning of dismissal, Mr. Connelly failed to comply with the discovery order, missed a scheduled settlement conference, and failed to timely file responses to defendants' summary judgment motions.  We are not confronted with an isolated incident of negligence or noncompliance, but rather a persistent failure to prosecute the complaint justifying dismissal.  See Meade v. Grubbs, 841 F.2d 1512, 1518 n.6, 1521-22 (10th Cir. 1988).  Although it would have been better if the district court had explicitly discussed the factors listed above, our review of the record persuades us that the court did not abuse its discretion in dismissing Mr. Connelly's claim.  See Green, 969 F.2d at 919.

We **AFFIRM** the order of the district court.

ENTERED FOR THE COURT
Stephanie K  Seymour
Chief Judge

-5-