**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**OCT 22 1998**

**FOR THE TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

BOB J. SETTLE,

      Plaintiff-Counter-
      Defendant-Appellant,

v.

JON BRIM; MICHAEL LAYER;
ALAN MILLER; and INFINITY
GROUP, INC.,

      Defendants-
      Counterclaimants-
      Appellees,

   and

JIM VALENTINE and BENJAMIN
BEVILLE,

      Defendants-Appellees.

No. 98-2066
(D.C. No. CIV-96-1434-LH)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Bob J. Settle is a pro se litigant who sued his former business partners alleging RICO violations, breach of contract, fraud, negligent misrepresentation and interference with business expectancy. After filing his complaint in October 1996, Mr. Settle repeatedly refused to answer defendants' interrogatories and requests for production, raising numerous objections to all of defendants' discovery requests. The magistrate judge ordered Mr. Settle to comply with defendants' discovery requests but, because he was proceeding pro se, also ordered simplified interrogatories so that Mr. Settle could respond as simply and conveniently as possible. The magistrate judge also granted Mr. Settle an extension of time in which to respond to the discovery requests. Despite these accommodations, Mr. Settle continued to raise numerous objections to defendants' discovery requests and to refuse to cooperate in discovery. In September 1997, the magistrate judge entered an order giving Mr. Settle still additional time to comply with the discovery requests, with an explicit warning that he risked dismissal of his action if he did not comply. Notwithstanding this

warning, Mr. Settle failed to comply with the September 1997 discovery order or to cooperate in the discovery process.

In January 1998, when Mr. Settle still had not complied with the September 1997 discovery order, the magistrate judge recommended Mr. Settle's action be dismissed with prejudice under Fed. R. Civ. P. 37(b)(2)(C) and 41(b) because of his repeated failure to comply with the Federal Rules of Civil Procedure and the court orders regarding discovery. The magistrate judge concluded Mr. Settle had failed to comply with every discovery order of the magistrate judge, that no discovery had been completed in the action more than a year after its filing and that defendants had been prejudiced as a result of Mr. Settle's repeated refusal to cooperate in the discovery process. The magistrate judge noted that Mr. Settle had been warned dismissal was a likely result of continued noncompliance, and concluded that no sanction other than dismissal would be effective. The district court adopted the magistrate judge's recommendation after reviewing the record de novo, and dismissed Mr. Settle's complaint with prejudice.

Mr. Settle appeals this dismissal, raising the same objections to discovery that he repeatedly made before the magistrate judge. We review the imposition of sanctions for abuse of discretion. See Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). Although dismissal is a drastic sanction, our case law makes it clear that a district judge may dismiss an action for discovery violations. See

Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992); see also Fed. R. Civ. P. 37(b)(2)(C) (authorizing a court to enter an order dismissing the action if a party "fails to obey an order to provide or permit discovery"). The magistrate judge and the district court considered all of the appropriate factors under Jones v. Thompson, 996 F.2d 261, 264 (10th Cir. 1993) and Ehrenhaus, 965 F.2d at 920-21. The record shows that Mr. Settle abused the discovery process and flouted several court orders compelling compliance with discovery. We find that the district court acted within its discretion in dismissing this action and we affirm the dismissal for substantially the reasons set forth in the thorough report of the magistrate judge dated January 21, 1998, and the district court's February 11, 1998 order adopting this report.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge