**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 20 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

MOHAMED ZENATI,

     Plaintiff-Appellant,

v.

ECHOSTAR, INC., a/k/a Dish Network,
Echosphere, Houston Tracker System, and
Skynet; TERRI SIPE,

     Defendants-Appellees.

No. 99-1233
(D. Colo.)
(D.Ct. No. 97-Z-1809)

_____

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **BARRETT**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Mohamed Zenati, proceeding *pro se*, appeals the district court's dismissal of his civil complaint for failure to prosecute. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Zenati filed an employment discrimination complaint August 14, 1997, naming Echostar, Inc. and several of its employees as defendants. On February 24, 1999, a magistrate judge issued a Recommendation for Dismissal based on Mr. Zenati's failure to: (1) appear before the court on three separate occasions after which the court issued orders to show cause; (2) pay opposing counsel $200.00 in attorney's fees as an initial sanction for failure to prosecute; (3) provide discovery, or provide it in a timely fashion; (4) cooperate with opposing counsel in preparing the pretrial order; and (5) conduct discovery, after receiving four extensions, until five days prior to expiration of the deadline when he sought to depose nine individuals. The magistrate judge found Mr. Zenati's response to the final order to show cause baseless because Mr. Zenati provided excuses showing he was simply "too tired and too busy to be fully attentive to this case."[1]

---

[1] Mr. Zenati's reasons for failing to prosecute consisted, in part, of: (1) "a general state of fatigue" in addition to some unidentified "distress" caused by the defendants; (2) his status as a *pro se* plaintiff in a county action involving a collision of another car into his parked car; (3) a "considerable amount of time" in a bankruptcy case as an unsecured creditor; (4) acting as "primary caregiver" to an elderly neighbor; and (5) "other obligations, also beyond his control which also made demand[s] on his time." Mr. Zenati also explained he missed the settlement conference because of a "lack of notification" and

In recommending dismissal, the magistrate judge carefully analyzed the factors to be considered before imposing sanctions.[2]  First, the magistrate judge found Mr. Zenati's inattention and failure to appear at three conferences, timely provide discovery, and cooperate in preparing the pretrial order caused the defense increased expenses.  The magistrate judge also found these same items inconvenienced the court which scheduled its docket for three conferences in which Mr. Zenati failed to appear without legitimate excuse or reason.

As to Mr. Zenati's culpability, the magistrate judge determined his failure to pay the $200.00 sanction and subsequent inattention and failure to provide discovery sufficiently evidenced his culpability.  In addition, the magistrate judge found Mr. Zenati received ample warnings that his "failings" could result in

---

the pretrial conference "simply due to confusion brought on by an unprecedented confluence of conflicting pressures" on him.  However, the record shows Mr. Zenati was in chambers when the magistrate judge scheduled the settlement conference for September 21, 1998.  In an effort to further defy logic, Mr. Zenati acknowledged he missed the settlement conference scheduled on September 21, 1998, but explained he forgot about it due to pain and medication resulting from a dental appointment he attended a day later, on September 22, 1998.

[2]  These factors include:  (1) the degree of actual prejudice to the defense; (2) the amount of interference with the judicial process; (3) the culpability of Mr Zenati; (4) whether the court warned Mr. Zenati of the possibility of dismissal as a sanction for noncompliance, and (5) the efficacy of imposing lesser sanctions.

dismissal, as contained in the magistrate judge's three orders to show cause.[3]

Finally, the magistrate judge determined "any sanction other than dismissal would be ineffective and inappropriate" because Mr. Zenati refused to pay the initial and lesser $200.00 sanction, as ordered on two prior occasions.[4] Construing Mr. Zenati's *pro se* pleadings liberally, the district court adopted the magistrate judge's recommendation and dismissed Mr. Zenati's claims with prejudice after conducting a *de novo* review of the magistrate judge's recommendation, objections thereto, and applicable law.

We review dismissal for failure to prosecute or noncompliance with court orders for abuse of discretion. *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). In so doing, we recognize the district court's inherent power to dismiss an action with prejudice for inexcusable failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962)). However, when a dismissal is with prejudice, the district court must explain why it imposed the extreme sanction of dismissal. *Bud*

---

[3] Previously, the district court also issued an order to show cause for failure to prosecute for Mr. Zenati's failure to serve the individual defendants with the complaint.

[4] In addition to these two written orders to pay the $200, the magistrate judge also verbally ordered Mr. Zenati to pay the $200 sanction at a hearing on a motion to compel discovery on December 16, 1998 and in another written order.

*Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1439 (10th Cir. 1990). We also recognize that even though Mr. Zenati, as a *pro se* litigant, is held to a less stringent standard than a licensed attorney, he must nevertheless follow the same rules of procedure governing other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993).

We have carefully reviewed Mr. Zenati's responses and objection to the magistrate judge's orders to show cause and recommendation for dismissal, as well as his brief on appeal. Mindful that the sanction of dismissal with prejudice is an extreme measure, we nonetheless find Mr. Zenati repeatedly and inexcusably failed to comply with the lower court's orders or to otherwise prosecute his case. His reasons for his failure to prosecute are woefully insufficient to overcome the magistrate judge's well-reasoned recommendation for dismissal or to warrant any further discussion. Thus, under the circumstances presented, we find no abuse of discretion in the district court's decision to dismiss the complaint with prejudice. Accordingly, the district court's judgment is affirmed.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-5-