**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 16 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARY JOANN BATES THOMPSON,

Plaintiff-Appellee,

v.

INDEPENDENT SCHOOL DISTRICT
NO. I-004 OF COMANCHE
COUNTY, OKLAHOMA, a/k/a
Geronimo Public Schools; CINDY
KRIZ; DONALD MCCAIG; LINDA
PENDERGRAPH; JESSE NASH;
SHERRY PENLAND,

Defendants-Appellants.

No. 99-6295
(D.C. No. 98-CV-731)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **EBEL** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendants appeal from the district court's imposition of sanctions against their counsel, Bill V. Wilkinson, in this civil rights case. After several proposed joint pretrial orders were returned by the court for failure to follow local rules and because of Wilkinson's attempts to add an affirmative defense, witnesses and exhibits not included in the first pretrial order, Wilkinson filed a motion to reconsider the district court's order striking the additional material from the joint pretrial order. The district court referred the motion to the magistrate judge for hearing and directed that the magistrate judge recommend appropriate sanctions. After the hearing, the magistrate judge filed his findings and recommendation, recommending that the motion to reconsider be denied and sanctions of $4,000.00 be imposed on Wilkinson, but not on his clients. The district court adopted the magistrate judge's findings and recommendations.

We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291. Our review of the district court's order imposing sanctions is for abuse of discretion only. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). The court's discretion "must not be viewed in isolation," but in "the totality of the circumstances, including the specific case under review [and] the total management problems for courts." *In re Baker (Mulvaney v. Rivair Flying Serv.,*

-2-

*Inc.)*, 744 F.2d 1438, 1440 (10th Cir. 1984). Here, the magistrate judge recommended that sanctions be imposed against Wilkinson pursuant to both Fed. R. Civ. P. 16(f) and the court's inherent powers based on Wilkinson's conduct, specifically his blaming opposing counsel for his own errors, his refusal to sign a complying pretrial order before the hearing and his statement in open court that he was not going to obey the magistrate judge's order at the hearing to sign a complying pretrial order. The magistrate judge concluded that this conduct demonstrated bad faith on Wilkinson's part, and that his conduct had disrupted the court. The district court, in adopting the magistrate judge's findings and recommendation, also noted that Wilkinson's conduct threatened the trial setting in the case.

On appeal, Wilkinson argues that a) the magistrate judge was predisposed to recommend sanctions, b) the magistrate judge's finding that Wilkinson acted in bad faith ignores the facts that Wilkinson had filed a motion to reconsider and had been granted an extension of time within which to file a proper pretrial order, c) the trial court failed to conduct a de novo review of the magistrate judge's findings and recommendation, and d) the rules under which the sanctions were imposed are narrow and the facts do not support a finding that Wilkinson violated them. After careful review of the record on appeal and Wilkinson's arguments,

we conclude that the district court did not abuse its discretion or otherwise err in imposing sanctions against Wilkinson, and affirm the district court 's ruling.

Wilkinson first argues that the magistrate judge demonstrated bias against him, as evidenced by the magistrate judge's tone of voice at the hearing, [1] and by four specifically alleged examples. Upon review of the transcript of the hearing in light of the balance of the record on appeal, we disagree with Wilkinson's characterization of the magistrate judge's treatment as bias. [2] Wilkinson also challenges the district court 's finding that his conduct evidenced bad faith. His arguments on this point demonstrate a continued attempt to blame opposing counsel for his errors, and mischaracterize the issues at hand, the district court's orders, and the basis for the magistrate judge's finding of bad faith.

Wilkinson argues that the district court failed to perform a de novo review of those portions of the magistrate judge's findings and recommendations to

---

[1] The hearing before the magistrate judge on Wilkinson's motion to reconsider was taped. Wilkinson has provided the court with a transcription of that tape, but the tape was not included in his appendix.

[2] In one example of alleged bias, Wilkinson claims that the magistrate judge's quotation of the hearing transcript is in error as to Wilkinson's answer to the question whether Wilkinson is going to comply with the magistrate judge's order to submit a complying pretrial order. Wilkinson submits a transcript in which his answer is directly at odds with that quoted by the magistrate judge in his findings and recommendation. However, we cannot review the basis of this allegation because, as noted above, Wilkinson has not provided this court with a copy of the tape of the hearing. *See Scott v. Hern* , 216 F.3d 897, 912 (10th Cir. 2000) (stating court must affirm where evidentiary record insufficient to permit assessment of claims of error).

which he objected because its order does not state that it reviewed either a tape of the hearing or a transcript. "We assume that the district court performed its review function properly in the absence of evidence to the contrary." *Green v. Branson* , 108 F.3d 1296, 1305 (10th Cir. 1997). Wilkinson offers no evidence of the district court 's alleged failure to conduct the proper de novo review. Finally, Wilkinson argues that Fed. R. Civ. P. 16(f) is narrow in scope and does not encompass his initial error in omitting material from the pretrial order. We need not resolve this point because this argument ignores the fact that the court also based its imposition of sanctions on its inherent powers.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge

-5-