**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 1 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEONARD C. TAYLOR,

      Plaintiff-Appellant,

    v.

SAFEWAY, INC.,

      Defendant-Appellee.

No. 04-1270

District of Colorado

(D.C. No. 03-WY-1478 AJ/OES)

**ORDER AND JUDGMENT** [*]

Before **EBEL** , **MURPHY** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument.

Pro se plaintiff Leonard Taylor appeals the district court's dismissal of his claim with prejudice as a sanction for his failure to comply with the court's

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

orders. We find no abuse of discretion in the district court's decision and therefore AFFIRM.

## I.

Mr. Taylor, a 47-year-old African-American male, filed a complaint under Title VII and the Age Discrimination in Employment Act alleging that Safeway, his former employer, discriminated against him on the basis of his age, race, and gender. The magistrate judge recommended a dismissal of all claims with prejudice, based on Mr. Taylor's repeated failure to comply with discovery requests and with the court's orders. In particular, the magistrate judge found that Mr. Taylor failed to provide the disclosures required by Federal Rule of Civil Procedure 26(a)(1); failed to respond to the defendant's discovery requests; failed to appear for his own deposition, for which he had received formal notice; and failed to participate in a scheduled telephone conference with the magistrate judge. The district court adopted the magistrate judge's recommendation in its entirety, dismissing Mr. Taylor's claims with prejudice. Mr. Taylor now appeals.

## II.

Federal Rule of Civil Procedure 37(b)(2) grants the district court authority to dismiss an action for a party's "fail[ure] to obey an order to provide or permit discovery." Because the district court is in the best position to make the necessary fact-specific inquiries, we review its decision to dismiss an action

under Rule 37(b) for abuse of discretion. *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000).

Because dismissal with prejudice is "an extreme sanction," the court ordinarily must consider a number of factors before imposing it, including: " (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). These factors are not a rigid test; rather, they serve as useful guidance for the district court's exercise of discretion. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). In the case of pro se litigants, courts use extra care when deciding whether to order dismissal as a sanction; nevertheless, pro se litigants are subject to the same procedural rules as everyone else. *Creative Gifts*, 235 F.3d at 549.

We find no abuse of discretion in the district court's decision to dismiss Mr. Taylor's claims. The defendant was obviously and substantially prejudiced by Mr. Taylor's failure to comply with even the basic disclosures of Rule 26(a)(1), as well as his failure to respond to the defendant's discovery requests or to show up for his own deposition. The judicial process essentially ground to a halt when Mr. Taylor refused to respond to either the defendant's requests or the

district court's orders. When the magistrate judge scheduled a telephone conference, Mr. Taylor did not bother to participate; and when the magistrate judge ordered Mr. Taylor to respond to the defendant's motion for sanctions, Mr. Taylor was unresponsive. Under these circumstances, the district court did not abuse its discretion by dismissing the suit.[1] *See Jones*, 996 F.2d at 266 (dismissal of pro se plaintiffs' claim was not an abuse of discretion where plaintiffs "flouted numerous court orders, failed to prosecute their case, and abused the discovery process"); *Creative Gifts*, 235 F.3d at 549 (dismissal of pro se plaintiffs' claims as a sanction for "numerous and flagrant discovery violations" was not an abuse of discretion).

Mr. Taylor presents two arguments on appeal. He makes no attempt to explain or excuse his repeated failures to comply with discovery rules. Instead, he argues (1) that the district court erred by failing to conduct a de novo review of the magistrate judge's recommendation; and (2) that the district court abused its discretion by failing to respond to his motions.

It is unclear from the briefs why Mr. Taylor thinks the district court failed to conduct a de novo review of the magistrate judge's recommendation. The district court stated that it had applied a de novo standard of review and had

---

[1] Although the district court did not explicitly consider the five *Ehrenhaus* factors, this is not fatal to its decision. *See Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992) (upholding dismissal despite the district court's failure to provide reasons for the dismissal).

-4-

"considered carefully whether [Mr. Taylor's] action should be dismissed." Dist. Ct. Op. 2. Perhaps Mr. Taylor thinks the fact that the district court adopted the magistrate judge's recommendation in its entirety means the court failed to conduct a de novo review. The problem with this argument is 28 U.S.C. § 636(b)(1), which states that after reviewing the magistrate judge's recommendation de novo, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Thus, the simple fact that the district court adopted the magistrate judge's recommendation in its entirety does not mean it failed to conduct a de novo review. Mr. Taylor's argument on this point is meritless.

Mr. Taylor also argues that the district court abused its discretion by failing to respond to his motions, of which he lists three: (1) a motion to amend his complaint; (2) a motion for default judgment under Rule 55(b)(2) and Rule 7; and (3) a motion to stay discovery pending decision on the motion for default. Aside from the fact that this argument is unresponsive to the issue on appeal—whether the district court's dismissal of Mr. Taylor's action was an abuse of discretion, not whether the district court abused its discretion at some point during the proceedings—it is simply incorrect on the facts: the district court did respond to two of Mr. Taylor's three motions. As for the motion for default under Rule 55(b)(2), the clerk of the court issued a statement explicitly denying the motion,

pointing out that there was no definitive complaint to which the defendant could respond. Doc. 21. The denial of Mr. Taylor's motion for default judgment, in turn, mooted the motion for a stay of discovery pending decision on the motion for default. Thus, we are left only with Mr. Taylor's motion to amend his complaint.

Presumably, Mr. Taylor's argument on this point is that the district court should not have dismissed his action without first ruling on his motion to amend his complaint. However, nothing in the Federal Rules says that the district court must rule on a party's outstanding motions before imposing sanctions under Rule 37(b)(2). More importantly, the fact that the district court had not yet ruled on Mr. Taylor's motion did not excuse him from responding to the defendant's discovery requests, attending his own deposition, or participating in the scheduled teleconference with the magistrate judge. As we have pointed out, this conduct provided the district court with sufficient reason to dismiss Mr. Taylor's action with prejudice. The court therefore did not abuse its discretion by doing so.

The judgment of the United States District Court for the District of Colorado is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge