**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SCOTT WHATCOTT,

      Plaintiff-Appellant,

v.

CITY OF PROVO,
a municipal corporation,

      Defendant-Appellee.

No. 05-4045
(D.C. No. 2:01-CV-490-DB)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **MURPHY**, Circuit Judges.

Plaintiff-appellant Scott Whatcott appeals the district court's order dismissing his action with prejudice because he "refused to comply with the Court's orders compelling discovery and willfully refused to cooperate in the

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

discovery process and the prosecution of this case." R. Vol. VI, Doc. 110 at 10. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

In 1999, plaintiff was convicted by a jury and sentenced to serve ten days in jail for violating defendant City of Provo's telephone harassment ordinance. The Utah Court of Appeals eventually ruled that the ordinance under which plaintiff had been prosecuted was unconstitutional. Plaintiff's conviction was therefore expunged.

Sometime later, after plaintiff had completed his second year of law school, he accepted a position as a summer associate with the Los Angeles law firm of Kirkland & Ellis. When the opinion of the Utah Court of Appeals, which contained unflattering information about plaintiff, came to the attention of the firm's management, plaintiff was given a check for approximately $10,000 (the amount he would have earned had he completed the summer employment) and was told to leave the firm. In the fall, plaintiff returned to law school and graduated the following spring.

Plaintiff brought this suit under 42 U.S.C. § 1983 alleging defendant had violated his rights guaranteed by the First and Fourteenth Amendments. The district court granted partial summary judgment to plaintiff on the issue of liability. This case involves the course of events as the parties prepared to litigate the issue of damages.

Along with claims for damages resulting from his dismissal from Kirkland & Ellis, nominal damages for the constitutional violation, and damages relating to lost wages for the time he was in jail, plaintiff's complaint also claimed long-term damages due to his alleged inability to earn income as a lawyer. Because of this latter element, defendant attempted to discover, *inter alia*, whether plaintiff had ever applied for and passed a bar exam, whether he was a member of any state's bar, whether he had sought employment with any law firm, and whether plaintiff had any other criminal history other than the now-expunged harassment conviction.

Over the course of two years, defendant propounded three sets of interrogatories and document requests, many of which were objected to by plaintiff. The district court eventually issued two orders compelling plaintiff to respond to discovery and to pay defendant's attorney fees associated with the motions to compel but refused to dismiss the action. Plaintiff ignored both orders. After getting no response to its third set of discovery, defendant filed its third motion to compel or, in the alternative, to dismiss the action. This time, the district court granted the motion to dismiss as a sanction for plaintiff's willful failure to obey court orders, his willful refusal to cooperate in the discovery process, and for failure to prosecute. We review a dismissal for failure to comply

with court orders and failure to prosecute for abuse of discretion. *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).

Plaintiff argues that the district court erred by giving effect to an unwritten discovery stipulation, that it abused its discretion by failing to consider applicable legal standards surrounding the dismissal sanction, and that the district court was required to recuse. We disagree with all of these contentions.

Plaintiff maintains that, because the parties had not entered into any written discovery stipulation pursuant to Fed. R. Civ. P. 29, it was error for the district court to re-open discovery after it had granted summary judgment to plaintiff on the issue of liability. Plaintiff mischaracterizes the course of events. In an effort to reign in legal costs, the two attorneys originally involved in this matter informally agreed early on that they would try the issue of liability first before going to the expense of the discovery required to maintain and defend the damages claims. Plaintiff was present in court when this arrangement was explained by defense counsel and did not dispute that characterization of the parties' strategy. R. Vol. VII at 24. The parties did not stipulate to extended discovery; they merely agreed to an informal bifurcation of the case. After ruling in favor of plaintiff on liability, the court, over plaintiff's objection, granted the parties additional time in which to conduct discovery on the damages issues. This grant of time was well within the district court's discretion to manage its docket

-4-

and to avoid an unnecessary burden to itself and defendant. *See Mulvaney v. Rivair Flying Serv., Inc. (In re Baker)*, 744 F.2d 1438, 1441 (10th Cir. 1984). Reopening discovery, therefore, was not an abuse of discretion. *See Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

Plaintiff asserts that defendant's second set of interrogatories was untimely. Plaintiff, however, wrongly cites cases involving EEOC decisions which have no bearing on this matter. "Service by mail is complete on mailing." Fed. R. Civ. P. 5(b)(2)(B).

We reject plaintiff's contention that defendant's second set of discovery requests was overly broad. In his complaint, plaintiff alleged that, because of his arrest and conviction under defendant's unconstitutional ordinance, he had suffered long-term economic damage. His complaint asked for damages for lost wages, R. Vol. I, Doc. 1 at 5, as well as general, special and punitive damages, *id.* at 8. Faced with such a general claim, defendant's second set of interrogatories attempted to learn whether plaintiff had applied for and taken any bar exam and the details of his attempts to find employment as an attorney. *See* R. Vol. II, Doc. 73, Ex. B. at 4-8. All documents supporting the answers to the interrogatories were also requested. *Id.* at 9-17. These interrogatories and accompanying requests for documents were pertinent and relevant to plaintiff's claims for damages. Because plaintiff does not maintain that he is unable

to "readily identify the documents requested . . . [or] that it would be unduly difficult to determine which documents fall within the scope of the request . . . [plaintiff's] objections based on overbreadth are without merit." *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 641 (D. Kan. 2003).

Plaintiff argues that defendant's request for records concerning his application to take a state bar exam requires him to produce privileged documents. Plaintiff, however, has waived whatever privilege attached to those documents by bringing a lawsuit in which his employability as an attorney is central to the determination of damages. *See Anderson v. Nixon*, 444 F. Supp. 1195, 1200 (D.D.C. 1978) (holding that "[w]here the interests of a newsman in preserving the anonymity of his sources clash with his responsibilities as a plaintiff, and where the information sought to be protected goes to the heart of the defense, the privilege must give way").

Plaintiff's contention that defendant violated the duty to meet and confer about discovery disputes as provided in Fed. R. Civ. P. 37(a)(2)(A) is similarly without merit. The rule requires that a party who files a motion to compel discovery certify that it has "in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(A). After reviewing defendant's first motion to compel, which contains the required certification, R. Vol. I, Doc. 47

at 1, we find no basis upon which to assign error in the district court's handling of this matter. The affidavits of plaintiff and his counsel regarding this matter do not demonstrate that the district court was clearly erroneous in choosing to believe the certification supplied by defendant. *Cf. United States v. Long*, 176 F.3d 1304, 1307 (10th Cir. 1999) (criminal case) (reviewing district court's factual findings for clear error and attributing the credibility of witnesses, the weight to be given evidence, and the reasonable inferences drawn from the evidence to the province of the district court).

Plaintiff's final argument, that the district court should have sua sponte recused, is not well taken. We have reviewed the comments identified by plaintiff for indications of bias and find those remarks fail to support the conclusion that the judge's "impartiality might reasonably be questioned." *See* 28 U.S.C. § 455(a).

The judgment of the district court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge