F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUN 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT L. DIMOND,

       Plaintiff-Appellant,

v.

ALLSUP'S CONVENIENCE
STORES, INC.,

       Defendant-Appellee.

Nos. 98-2043 & 98-2195
(D.C. No. CIV-96-1013)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In appeal No. 98-2043, plaintiff Robert Dimond, appearing pro se, appeals an order of the district court dismissing his 42 U.S.C. §§ 12101-12213 Americans with Disabilities Act (ADA) complaint under Fed. R. Civ. P. 41(b) for failure to prosecute. In appeal No. 98-2195, Dimond appeals the district court's award of costs to defendant as the prevailing party pursuant to Fed. R. Civ. P. 54 and Rule 54 of the Rules for the United States District Court for the District of New Mexico. We reverse and remand.

Dimond filed his ADA complaint in 1996, alleging that defendant had denied him employment because of his disabilities. Dimond failed to attend a January 6, 1998 pre-trial conference, telling his counsel he was tired. *See* R. Vol. IV at 13. At the pre-trial conference, the district court set the case for trial on Monday, January 12, 1998. Dimond's counsel verbally moved to withdraw as counsel at the pre-trial conference, but the district court deferred ruling on the withdrawal request until the start of trial.

On January 7, 1998, defendant's counsel served Dimond with a subpoena directing him to appear at trial on January 12. On that same date, Dimond's counsel filed a formal motion to withdraw as counsel. Dimond filed a pro se response to the withdrawal request on Friday, January 9, 1998, requesting that the January 12 trial date be vacated pending resolution of the withdrawal request and further requesting that, if his counsel's motion to withdraw was granted, the

-2-

district court reset the trial to July in order to give him time to prepare for trial pro se. *See* R. Vol. II, Doc. 130 at 3-4. In this motion, plaintiff stated that he would not appear in court for trial on Monday, January 12, 1998 because it appeared to him that "there certainly will be no trial in this case on" that date. *Id*. at 4.

Dimond did not appear for trial on January 12, 1998. The district court waited an hour for him to appear. Dimond's counsel represented to the court that Dimond had been told of the trial date and time. The process server testified that he personally served Dimond with the subpoena to appear at trial and gave him a check for fees and mileage. The district court noted that the pre-trial order reflected that Dimond's sole witness was himself. The district court then summarily dismissed the action with prejudice under Rule 41(b) for failure to prosecute based on Dimond's failure to appear at trial, noting generally that Dimond had repeatedly delayed the course of litigation. The district court assessed jury fees against Dimond in the sum of $1,319.86, and later awarded defendant costs of $2,449.56 as the prevailing party pursuant to Rule 54.

On appeal, Dimond contends that the district court abused its discretion in dismissing his complaint with prejudice. We review the imposition of the sanction of dismissal for failure to prosecute or noncompliance with court orders under the abuse of discretion standard. *See Jones v. Thompson*, 996 F.2d 261,

-3-

264 (10th Cir. 1993).  A district court has the inherent power to dismiss an action with prejudice for willful and inexcusable failure to prosecute.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962).  However, "dismissal is a severe sanction and is not ordinarily warranted if lesser sanctions would be effective." *Jones,* 996 F.2d at 265;  *see also Meade  v. Grubbs*, 841 F.2d 1512, 1520 n.6. (10th Cir. 1988) ("[b]ecause dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather that first, resort." (citations, quotations and emphasis omitted)).

When a district court dismisses an action case with prejudice, it has a duty to explain why dismissal was an appropriate sanction.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921-22 (10th Cir. 1992);  *Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986).  Thus, prior to dismissing a complaint, a district court must ordinarily consider, on the record, several factors designed to caution against premature or unreflective resort to this drastic sanction. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

> These criteria include: "(1) the degree of actual prejudice to the
> defendant; (2) the amount of interference with the judicial process;
> . . . (3) the culpability of the litigant; (4) whether the court warned
> the party in advance that dismissal of the action would be a likely
> sanction for noncompliance; and (5) the efficacy of lesser sanctions."

*Id.* (quoting *Ehrenhaus*, 965 F.2d at 921).  We have held that a district court's failure to evaluate and weigh the  *Jones* and *Ehrenhaus* factors amounts to an

abuse of discretion because the failure to address these factors on the record prevents this court from engaging in meaningful review of the district court's decision. *See id.*, 40 F.3d at 341.

Here, as in *Mobley*, the record on appeal contains no indication that the district court considered the criteria set out in *Jones* and *Ehrenhaus* prior to dismissing Dimond's complaint with prejudice. *See id.* at 341 (holding that failure to consider these factors warrants reversal). The record does not indicate that the district court ever warned Dimond that dismissal of his complaint would likely result from his failure to appear in person at the trial. *See Ehrenhaus*, 965 F.2d at 919, 922 (explaining that such a warning is a factor we consider in determining whether the district court abused its discretion). Significantly, the district court did not consider Dimond's request for a continuance in light of his counsel's motion to withdraw filed on the eve of trial. While it is true that litigants are not free to appear before the court at their pleasure, *cf. Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp.*, 837 F.2d 423, 426 (10th Cir. 1988), nonetheless, we are concerned that the district court failed to address the import of counsel's pending motion to withdraw or Dimond's pending request for a continuance of the trial. The district court also failed to consider on the record whether a lesser sanction would suffice prior to dismissing Dimond's case. *See Jones,* 996 F.2d at 265; *Mobley* 40 F.3d at 341 (stating "we are particularly

concerned with the trial court's failure to consider whether a lesser sanction would be appropriate" when district court imposes the severe sanction of dismissal with prejudice).

Because the present state of the record does not permit an informed decision of whether the district court considered the relevant criteria in dismissing the case and whether the dismissal was within the discretion of the district court, we reverse the orders of the district court dismissing the complaint and awarding costs to defendant as the prevailing party and remand the case in order to afford it an opportunity to evaluate the *Jones* and *Ehrenhaus* factors. *See Mobley*, 40 F.3d at 341. We express no view on the outcome after adequate evaluation of these factors.

Dimond filed a motion with the district court following the dismissal order stating in part that the dismissal order should be vacated because he had authorized his counsel to accept defendant's settlement offer on January 8, 1998, and therefore thought his case had been settled, implying his belief that he did not need to appear for trial on January 12, 1998. Dimond did not characterize this motion as one for relief from judgment pursuant to Fed. R. Civ. P. 60(b), nor did the district court construe it as such under the liberal pleading standards for pro se litigants. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Nevertheless, on remand, the district court should consider whether Dimond may

have been misled into thinking the trial would not take place on January 12, 1998, as originally scheduled, because of his belief his case had been settled.

Dimond's request to proceed in forma pauperis on appeal is DENIED because he has failed to demonstrate his inability to pay the requisite fees and costs. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (holding that party must demonstrate an inability to pay the required filing fees to succeed on a motion to proceed in forma pauperis). Dimond's motion to strike defendant's Answer Brief is DENIED. The judgment of United States District Court for the District of New Mexico is REVERSED and the case is REMANDED for further findings consistent with this decision. The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Circuit Judge