**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

AUTO-OWNERS INSURANCE
COMPANY, a Michigan corporation,

      Plaintiff Counter Defendant –
      Appellee,

v.

SUMMIT PARK TOWNHOME
ASSOCIATION, a Colorado corporation,

      Defendant Counterclaimant.

------------------------------

WILLIAM C. HARRIS; DAVID J.
PETTINATO,

      Appellants.

_____

No. 16-1348
(D.C. No. 1:14-CV-03417-LTB)
(D. Colo.)

AUTO-OWNERS INSURANCE
COMPANY, a Michigan corporation,

      Plaintiff Counter Defendant –
      Appellee,

v.

SUMMIT PARK TOWNHOME
ASSOCIATION, a Colorado corporation,

      Defendant Counterclaimant –
      Appellant.

_____

No. 16-1352
(D.C. No. 1:14-CV-03417-LTB)
(D. Colo.)

**ORDER**

———————————————————

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, and **BACHARACH**, Circuit Judges.

———————————————————

These matters are before us, *sua sponte*, to withdraw and amend the decisions issued in these appeals originally on March 23, 2018. Those original opinions are hereby VACATED, and the attached revised opinions shall issue effective the date of this order and with a filing date of today. The Clerk is directed to issue and distribute the amended opinions accordingly.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

2

FILED
United States Court of Appeals
Tenth Circuit

March 30, 2018

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

AUTO-OWNERS INSURANCE
COMPANY, a Michigan
corporation,

      Plaintiff Counter Defendant-
Appellee,

v.

SUMMIT PARK TOWNHOME
ASSOCIATION, a Colorado
corporation,

      Defendant Counterclaimant-
Appellant.

No. 16-1352

_____

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:14-CV-03417-LTB)**
_____

Bradley A. Levin (Jeremy A. Sitcoff, and Nelson A. Waneka, with him on
the briefs), Levin Sitcoff PC, Denver, Colorado, for Defendant
Counterclaimant-Appellant.

Evan Bennett Stephenson (Michael L. O'Donnell, Terence M. Ridley, and
Cedric D. Logan, with him on the brief), Wheeler Trigg O'Donnell LLP,
Denver, Colorado, for Plaintiff Counter Defendant-Appellee.
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, and **BACHARACH**,
Circuit Judges.
_____

**BACHARACH**, Circuit Judge.

_____

This appeal grew out of a dispute between an insured (Summit Park Townhome Association) and its insurer (Auto-Owners Insurance Company) over the value of property damaged in a hail storm. To determine the value, the district court ordered an appraisal and established procedural requirements governing the selection of impartial appraisers. After the appraisal was completed, Auto-Owners paid the appraised amount to Summit Park. But the court found that Summit Park had failed to make required disclosures and had selected a biased appraiser. In light of this finding, the court vacated the appraisal award, dismissed Summit Park's counterclaims with prejudice, and awarded interest to Auto-Owners on the amount earlier paid to Summit Park.

Summit Park appeals, making six arguments:

1. The district court lacked authority to issue the procedural requirements.

2. Summit Park and its counsel did not violate the procedural requirements.

3. The district court erred by vacating the appraisal award.

4. The district court erred by using its inherent powers to sanction Summit Park.

5. The sanction (dismissal of Summit Park's counterclaims) constituted an abuse of discretion.

6. The award of interest based on the amount paid to Summit Park constituted a deprivation of due process.

2

We affirm. In the absence of a successful appellate challenge to the disclosure order, Summit Park was obligated to comply and did not. The court was thus justified in dismissing Summit Park's counterclaims. In addition, Summit Park's failure to select an impartial appraiser compelled vacatur of the appraisal award under the insurance policy. Finally, Summit Park obtained due process through the opportunity to object to the award of interest.

## I. Summit Park was sanctioned for violating the district court's order.

The parties agreed that damage had occurred from a hail storm, but they disagreed on the value of the damage. Auto-Owners sued for a declaratory judgment to decide the value, and Summit Park filed counterclaims.

Summit Park retained Merlin Law Group attorneys Mr. William Harris and Mr. David Pettinato, who successfully moved to obtain an appraisal based on the insurance policy. In the event of an appraisal, the insurance policy required:

> [E]ach party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

Appellee's Supp. App'x, vol. 1 at 123.

3

Based on continuing disputes between the parties, Auto-Owners moved for an order compelling an "appraisal agreement" that would set the procedural requirements for the appraisal. The court granted the motion and set requirements, which included disclosure of facts potentially bearing on the appraisers' impartiality:

> An individual who has a known, direct, and material interest in the outcome of the appraisal proceeding or a known, existing, and substantial relationship with a party may not serve as an appraiser. Each appraiser must, after making a reasonable inquiry, disclose to all parties and any other appraiser any known facts that a reasonable person would consider likely to affect his or her impartiality, including (a) a financial or personal interest in the outcome of the appraisal; and (b) a current or previous relationship with any of the parties (including their counsel or representatives) or with any of the participants in the appraisal proceeding . . . Each appraiser shall have a continuing obligation to disclose to the parties and to any other appraiser any facts that he or she learns after accepting appointment that a reasonable person would consider likely to affect his or her impartiality.

Appellant's App'x at 75-76. The court warned: "Notice is given that, if the court finds that the parties and/or their counsel have not complied with this order, the court will impose sanctions against the parties and/or their counsel pursuant to the court's inherent authority." *Id.* at 78 (capitalization removed).

Summit Park selected Mr. George Keys as its appraiser, but Auto-Owners expressed doubt about Mr. Keys's impartiality. These concerns escalated when Mr. Keys and the court-appointed umpire agreed upon an

4

appraisal award exceeding $10 million, which was 47% higher than Summit Park's own public adjuster had determined.

Following the appraisal award, Auto-Owners objected to Mr. Keys, arguing that he was biased and that Summit Park had failed to disclose evidence bearing on Mr. Keys's impartiality. The district court agreed, disqualifying Mr. Keys and vacating the appraisal order.

Auto-Owners then moved for sanctions against Summit Park. The district court granted the motion and dismissed with prejudice the counterclaims against Auto-Owners. In addition, the court ordered Summit Park to pay $97,797.53 in interest based on a Colorado statute governing withholding of funds. Colo. Rev. Stat. § 5-12-102(1)(a).

## II. Summit Park was bound by the district court's disclosure order.

Summit Park challenges the district court's authority to enter the disclosure order. This argument fails for the reasons discussed in *Auto-Owners Insurance Co. v. Summit Park Townhome Ass'n*, No. 16-1348, slip op. at 5-6 (10th Cir. Mar. 30, 2018) (to be published). Regardless of whether the court had authority to enter the order, Summit Park was required to comply in the absence of a successful appellate challenge. Thus, Summit Park could be sanctioned for noncompliance.

## III. The district court reasonably found that Summit Park had violated the disclosure order.

5

Summit Park denies violating the disclosure requirement, arguing that

- the district court misinterpreted the term "impartial" as it applies to appraisers and

- Summit Park disclosed enough information about Mr. Keys.

We rejected both arguments in *Auto-Owners Insurance Co. v. Summit Park Townhome Ass'n*, No. 16-1348, slip op. at 6-14 (10th Cir. Mar. 30, 2018) (to be published). As we explained there, Summit Park's counsel violated the disclosure order. And this violation could be attributed to Summit Park itself. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) (a party cannot "avoid the consequences of the acts or omissions of [a] freely selected agent").[1] As a result, we cannot disturb the finding that Summit Park violated the disclosure order.

## IV. The district court did not err in vacating the appraisal award.

Summit Park challenges vacatur of the appraisal award, contending that

- the district court exceeded its authority by entering the disclosure order and

- Summit Park did not violate the disclosure order.

We rejected these arguments in Parts II and III.

---

[1] As discussed below, Summit Park also committed its own violations of the disclosure order. *See* pp. 11-12, below.

6

But even if Summit Park had not violated the disclosure requirement, the insurance policy would have compelled vacatur of the appraisal award. The insurance policy stated that an appraisal award is valid only if signed by two impartial appraisers, and the district court reasonably concluded that Mr. Keys was biased based on his past expressions of favoritism toward policyholders and his extensive relationship with the Merlin law firm. With Mr. Keys disqualified, the appraisal award had only one valid signature (the umpire's). The award was therefore invalid under the terms of the insurance policy.

Accordingly, we conclude that the district court did not err in vacating the appraisal award.

## V. The district court had the authority to dismiss Summit Park's counterclaims under the court's inherent power and Fed. R. Civ. P. 41(b).

We review the imposition of sanctions for abuse of discretion. *Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962). Summit Park argues that the district court abused its discretion by exercising the court's inherent powers rather than applying Fed. R. Civ. P. 11. This argument is based on *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), which Summit Park interprets as requiring application of the Federal Rules of Civil Procedure (rather than the court's inherent powers) when sanctioning a party for acts taken in bad faith.

Summit Park's argument fails for two reasons:

7

1. *Chambers* does not require consideration of Rule 11 before a court can use its inherent powers.

2. The district court dismissed Summit Park's counterclaims under Fed. R. Civ. P. 41(b) as well as the court's inherent powers.

First, Summit Park misreads *Chambers*; it does not require a court to consider the Federal Rules of Civil Procedure before applying the court's inherent powers. *Chambers* states that "when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power." 501 U.S. 32, 50 (1991). But *Chambers* adds that a court may impose sanctions "by means of the inherent power" even if the "conduct could also be sanctioned under the . . . Rules." *Id.* Thus, *Chambers* does not require the district court to consider Rule 11 sanctions before invoking the court's inherent powers. *See Courtesy Inns, Ltd. v. Bank of Santa Fe*, 40 F.3d 1084, 1089 (10th Cir. 1994) (stating that *Chambers* rejected arguments that "the various sanctioning provisions of the federal rules reflect legislative intent to displace the court's inherent powers"); *accord Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1407 (5th Cir. 1993) ("In *Chambers* . . . the Court held that the inherent power to impose sanctions for bad-faith conduct during litigation was not displaced by, and went beyond, such sanctioning mechanisms as Rule 11 and 28 U.S.C. § 1927.").

8

Even if *Chambers* had required consideration of sanctions under the federal rules, the district court could reasonably conclude that Rule 11 would not have covered Summit Park's misconduct. Rule 11 does not generally apply to a party's out of court conduct. *See* Fed. R. Civ. P. 11 advisory committee note to 1993 amendment. And five of Summit Park's acts took place outside of court:

1.  Summit Park made misrepresentations about Mr. Keys.

2.  Summit Park retained Mr. Keys after investigating his background.

3.  Summit Park failed to disclose Mr. Keys's original contract, which had contained a contingent-cap fee.

4.  A Summit Park executive gave false testimony about the contract previously containing the contingent-cap fee.

5.  Summit Park failed to correct the inaccurate testimony until after the appraisal was completed.

*Chambers* does not require consideration of sanctions under the federal rules before a court invokes its inherent powers. But even if *Chambers* had imposed such a requirement, Rule 11 would not have applied to much of Summit Park's conduct.

Second, even under Summit Park's reading of *Chambers*, the court would not have abused its discretion. The district court did consider and choose to issue a sanction under the rules: Fed. R. Civ. P. 41(b).

When imposing sanctions, the district court relied not only on its inherent powers but also on Rule 41(b). Rule 41(b) provides that if a party

9

violates "a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). The district court invoked this rule, stating that it "recognizes that the Court may dismiss a claim or action where a 'plaintiff fails to . . . comply with these rules or a court order.'" Appellant's App'x at 395 (quoting Fed. R. Civ. P. 41(b)).

The court could apply its inherent powers or Rule 41(b). Here, the court invoked both and, in doing so, did not run afoul of *Chambers*.

## VI. The district court did not abuse its discretion in dismissing Summit Park's counterclaims.

Summit Park contends that the district court committed two errors in dismissing the counterclaims:

1. The dismissal was unwarranted because Summit Park had not acted in bad faith.

2. The district court misapplied the factors from *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992).

Both arguments fail.

### A. Standard of Review

In reviewing the sanction of dismissal, we apply the abuse-of-discretion standard. *Archibeque v. Atchison, Topeka & Santa Fe Ry.*, 70 F.3d 1172, 1174 (10th Cir. 1995).

### B. The district court made a finding of bad faith.

Summit Park contends that the court could dismiss the counterclaims only upon a showing of bad faith. For the sake of argument, we may

10

assume that Summit Park is right. Even with this assumption, Summit Park's argument would fail because the district court did find bad faith in that

1.      Summit Park had concealed the existence of Mr. Keys's prior contingent-cap fee,

2.      Summit Park had selected Mr. Keys as an appraiser with apparent knowledge of his bias, and

3.      Summit Park had violated the disclosure order.

The district court found that Summit Park had acted in bad faith partly by concealing the existence of Mr. Keys's initial agreement, which had capped his fee based on the amount of his appraisal. Under this agreement, the fee cap would increase as the amount of the appraisal award increased. This compensation agreement was replaced by one without a contingent cap.

But Summit Park was not immediately forthcoming about the earlier version of the agreement. For example, Summit Park's representative, Mr. David Malucky, stated under oath that the final version (without the contingent-fee cap) was the only one that had ever been used. This testimony was not true.

Summit Park corrected the misstatement but only after the appraisal had been completed. Mr. Malucky testified that his mistake had been innocent. Perhaps it was. But Mr. Malucky's credibility presented a factual matter for the district court, and it found Mr. Malucky's explanation not

11

"entirely credible." Appellant's App'x at 397. We will defer to the district court's finding on Mr. Malucky's credibility. *See United States v. Jordan*, 806 F.3d 1244, 1252 (10th Cir. 2015).

The district court also relied in part on Summit Park's hiring of Mr. Keys as an appraiser after investigating his background. The court could reasonably infer that Summit Park had known that Mr. Keys was biased and that hiring him would violate the district court's order requiring impartiality of each appraiser.

In addition, the district court relied on Summit Park's role in violating the disclosure order. Summit Park's investigation of Mr. Keys suggested awareness of facts bearing on his impartiality. Nonetheless, Summit Park did not make the required disclosures or correct Mr. Keys's inadequate and misleading disclosures. As a result, the district court could reasonably infer Summit Park's bad faith in violating the disclosure order.

\* \* \*

Even if the district court had to find bad faith before dismissing Summit Park's counterclaims, the court made the required finding and it was supported by the record.

**C.     The district court properly applied the pertinent factors.**

Summit Park also asserts an abuse of discretion based on the pertinent factors. Under *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.

12

1992), a court should consider five factors before dismissing claims under Rule 41(b):

1.  "the degree of actual prejudice to the defendant,"

2.  "the amount of interference with the judicial process,"

3.  "the culpability of the litigant,"

4.  "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and

5.  "the efficacy of lesser sanctions."

*Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (internal quotation marks omitted). The district court did not abuse its discretion in applying the five factors.

First, the district court concluded that Auto-Owners had incurred substantial prejudice. Summit Park's violation of the disclosure order

- sparked months of litigation over Mr. Keys's eligibility as an appraiser and the justification for sanctions and

- wasted eight months of litigation preceding the appraisal process.

The additional months of litigation not only resulted in additional expenses for Auto-Owners but also delayed resolution of its claim for a declaratory judgment.

Summit Park insists that Auto-Owners' prejudice was self-inflicted by its delay in objecting to Mr. Keys. As Summit Park observes, Auto-Owners did not immediately launch a full investigation into Mr. Keys and

13

the disclosures. But the district court could reasonably decline to find a waiver. Before the appraisal, Auto-Owners had repeatedly expressed concerns to Summit Park about Mr. Keys's impartiality. Thus, the district court could reasonably pin fault on Summit Park rather than Auto-Owners.

Second, the district court found massive interference with the judicial process. This finding was also reasonable, for the court could justifiably consider Summit Park's conduct as the reason for hundreds of wasted hours by Auto-Owners, the court, and the appraisers.

Summit Park argues that its misconduct was not as egregious as the misconduct of the sanctioned party in *Ehrenhaus*. In *Ehrenhaus*, the sanctioned party "simply and intentionally refused to appear, which the Court [found] to be in bad faith and willful and intentional disobedience to two court orders." 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted).

For the sake of argument, we may assume that Summit Park did not act as badly as the sanctioned party in *Ehrenhaus*. But *Ehrenhaus* did not establish a floor of culpability. *See LaFleur v. Teen Help*, 342 F.3d 1145, 1151-52 (10th Cir. 2003) (upholding dismissal when the plaintiffs failed to produce discovery documents by the deadline in violation of a discovery order). The district court could reasonably determine that Summit Park's misconduct was sufficiently culpable to merit dismissal of the counterclaims. *See Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993)

14

("[I]t is enough to say the [sanctioned party] repeatedly ignored court orders and thereby hindered the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party.").

Third, the court determined that Summit Park had some culpability. As discussed above, Summit Park played a role in concealing the earlier contingent-cap fee, selecting Mr. Keys, and failing to ensure the accuracy of the disclosures. Summit Park argues that its behavior was not sufficiently culpable for dismissal. But the district court gave only moderate weight to this factor. Given the district court's observation that Summit Park's actions "suggest[ed] bad faith," the assignment of moderate weight to this factor was reasonable. Appellant's App'x at 399.

Fourth, the district court warned Summit Park of the risk of dismissal. The court cautioned the parties, in all capital letters, that "notice is given that, if the court finds that the parties and/or their counsel have not complied with this order, the court will impose sanctions against the parties and/or their counsel pursuant to the court's inherent authority." Appellant's App'x at 78 (capitalization removed). The warning was early and prominent, stating that Summit Park could be sanctioned if it violated the disclosure order.

Summit Park argues that the warning failed to clarify that dismissal was a likely sanction. We have held that an express warning of dismissal is

15

not required. Instead, we have regarded notice as sufficient even when it is constructive, rather than express. *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding*, 497 F.3d 1135, 1149-50 (10th Cir. 2007). Here the court could regard the warning as constructive notice that dismissal of the counterclaims would be a likely sanction for noncompliance. *See id.* (stating that "*Ehrenhaus*'s notice prong was satisfied" despite the absence of an express warning that the claim would be dismissed).

Fifth, the district court concluded that lesser sanctions would be inadequate, putting great weight on this factor. Summit Park denies consideration of lesser sanctions. We disagree. The court stated that it had "given serious consideration to the efficacy of lesser sanctions and [had] determined that only dismissal" would suffice. Appellant's App'x at 401. For this statement, the court explained that a sanction of attorneys' fees and expenses alone would not adequately deter Summit Park, its counsel, or other potential wrongdoers from similar conduct in the future. This explanation was supported by the record, and the court acted reasonably in considering the possibility of lesser sanctions.

\* \* \*

The district court reasonably concluded that four of the factors merited great weight and one of the factors merited moderate weight. Under *Ehrenhaus*, the decision to order dismissal with prejudice was not an abuse of discretion. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 922 (10th

16

Cir. 1992) (affirming the dismissal when two of the factors merited great weight and the other three factors had some support in the record); *see also Gripe v. City of Enid*, 312 F.3d 1184, 1188-89 (10th Cir. 2002) (affirming the dismissal when there was no evidence to support the third factor).

## VII. The district court did not deprive Summit Park of due process in awarding interest on the overpayment to Summit Park.

The district court awarded Auto-Owners $97,797.53 for interest. This award was based on the amount that Auto-Owners had paid to Summit Park upon completion of the appraisal. When the appraisal was vacated, Auto-Owners obtained repayment of the amount overpaid and sought interest based on a Colorado statute:

> When money or property has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such money or property from the date of wrongful withholding to the date of payment or to the date judgment is entered . . . .

Colo. Rev. Stat. § 5-12-102(1)(a). Summit Park argues that the imposition of interest resulted in a deprivation of due process. We disagree because Summit Park had an opportunity to respond to Auto-Owners' request for interest.[2]

After the appraisal award was vacated, Auto-Owners amended its complaint to recoup (1) payments based on the appraisal and (2) interest on

---

[2] Auto-Owners contends that Summit Park failed to preserve its due-process challenge. For the sake of argument, we may assume that Summit Park lacked an opportunity to raise a due-process challenge in district court. Even with this assumption, the challenge would fail on the merits.

the wrongfully obtained award. Summit Park moved to dismiss Auto-Owners' claim for recoupment. The district court issued an order granting Auto-Owners' request for interest and denying Summit Park's motion to dismiss as moot. Summit Park argues that the court's ruling essentially constituted a default judgment on Auto-Owners' claim for interest, depriving Summit Park of due process by denying an opportunity to respond to Auto-Owners' request.

Summit Park is incorrect, for it had an opportunity to respond to Auto-Owners' request for statutory interest. This opportunity arose when Auto-Owners requested statutory interest from Summit Park in a brief filed in district court. Summit Park not only had the opportunity to respond but also took advantage of that opportunity by objecting to the request for interest. *See Resolution Tr. v. Dabney*, 73 F.3d 262, 268 (10th Cir. 1995) ("[T]he opportunity to fully brief the issue is sufficient to satisfy due process requirements.").

Summit Park disagrees, pointing out that Auto-Owners' request for interest was contained in a motion for sanctions. In light of the nature of the brief, Summit Park insists that it was on notice only as to Auto-Owners' request for interest as a sanction, not based on the Colorado statute.

This argument is not supported by the record. In requesting interest, Auto-Owners invoked Colorado Revised Statutes § 5-12-102(1)(a) and case

18

law applying this statute. *See* Appellant's App'x at 234 (explaining that under the Colorado statute, "wrongfully withheld money earns 8% interest from the date the wrongful withholding commences until the date those amounts are paid back"). With this authority, Auto-Owners asked the district court for "statutory interest." *Id*. Thus, Summit Park was fully apprised of Auto-Owners' reliance on the Colorado statute for an award of interest.

* * *

In these circumstances, the district court did not deprive Summit Park of due process because Summit Park had an opportunity to object to the award of interest under the Colorado statute.

## VIII. Conclusion

The district court did not err in sanctioning Summit Park. Regardless of the validity of the disclosure order, Summit Park had a duty to comply. Summit Park violated the disclosure order by failing to disclose information bearing on Mr. Keys's impartiality. Based on the violation of the disclosure order, the district court did not err by vacating the appraisal award and sanctioning Summit Park with dismissal of its counterclaims. Nor did the court deprive Summit Park of due process by awarding interest to Auto-Owners. We affirm.

19