**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALTON DAVIS,

    Plaintiff - Appellant,

v.

FEDERAL BUREAU OF PRISONS;
CHARELE SAMUELS; ADX
PENITENTIARY - MAX; DAVID B.
BERKEBILE; T. HALL; CHRISTOPHER
SYLISVOLL; PATRICIA RANGEL; R.
TURNER; WILLIAM TRUE; K.
HALILIA; M. SMITH; FRANK
CORDOVA; J. OLIVER; ADX SUPER-
MAX PRISON; B. TRUE; C. SYLISOLL;
P. RANGEL; F. CORDOVA,

    Defendants - Appellees.

No. 18-1477
(D.C. No. 1:15-CV-00884-WJM-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **CARSON**, Circuit Judges.
_____

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Alton Davis, a federal prisoner proceeding pro se,[1] appeals from the district court's dismissal of his *Bivens* action under Federal Rule of Civil Procedure 12(b)(1) and (6).[2]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

A jury convicted Mr. Davis of conspiring and attempting to commit Hobbs Act robberies of suspected drug dealers, using firearms and causing two deaths in relation to those attempted robberies, and conspiring to distribute and possess with intent to distribute more than 100 kilograms of marijuana.  *See United States v. Davis*, 689 F.3d 179, 181-83 (2d Cir. 2012) (upholding judgment and detailing underlying facts). The district court sentenced Mr. Davis to concurrent life sentences, and he is now incarcerated at the United States Penitentiary, Administrative Maximum ("ADX") in Florence, Colorado.

Shortly after his conviction, the Federal Bureau of Prisons ("BOP") implemented Special Administrative Measures ("SAMs") for Mr. Davis's

---

[1] Because Mr. Davis is proceeding pro se, "we construe his pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). We make some allowances for deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  But we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."  *Id.*

[2] The district court stated that the action was filed under 42 U.S.C. § 1983; however, it falls under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because Mr. Davis sued federal prison officials, not persons acting "under color of state law" as required by § 1983.  *See Doe v. Woodard*, 912 F.3d 1278, 1289 (10th Cir.), *cert. denied*, 139 S. Ct. 2616 (2019).

confinement, citing his proclivity for violence and his conduct while incarcerated—

he attempted to order the murder of two federal law enforcement officials. Mr. Davis

unsuccessfully challenged the SAMs in a previous lawsuit, alleging that the SAMs

denied him "his right to communicate with family, friends, the press, and attorneys";

"adequate access to the courts"; and "adequate access to medical services and

treatment for serious medical conditions, bladder cancer and diabetes." *Davis v.

Holder*, No. 12-CV-02122-REB-KMT, 2014 WL 1713429, at *1 (D. Colo. Apr. 23,

2014). The district court dismissed that case under Rule 12(b)(2) and (6). *Id.* at *2.

The BOP renewed the SAMs restrictions for four years, during which time

officials transferred Mr. Davis to ADX. In September 2014, after the restrictions

were terminated, the BOP placed Mr. Davis on Correspondence Restrictions ("CRs")

under 28 C.F.R. § 540.15 for a six-month transition period. Because the BOP

deemed him a security risk, the CRs prohibited oral or written communications with

anyone other than immediate family members. The BOP removed the CRs in March

2015 and has no plan to reinstate them, according to a sworn declaration by Michael

Carr, an associate warden at ADX. *See* R., Vol. II at 190. Even so, like all ADX

inmates, the BOP monitors Mr. Davis's communications for safety reasons.

Mr. Davis filed this lawsuit, alleging that (1) the CRs imposed on him violated

his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights; (2) the ADX's

policies violated his First Amendment rights and the Religious Freedom Restoration

Act ("RFRA"), 42 U.S.C. §§ 2000bb-1 to -4, because he is unable to attend Muslim

prayer services and pray with other Muslims; and (3) the BOP and its officials were

3

deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. His claims evolved, as did the named defendants, and his second amended complaint is now the operative complaint, *see* R., Vol. II at 107-51.

The BOP and the individual defendants filed a series of motions to dismiss, which resulted in the incremental dismissal of all claims against all parties as outlined below.

In an order dated March 24, 2016, the district court ruled on the motion to dismiss the original complaint. It found that Mr. Davis's claims were not moot under Rule 12(b)(1) because the alleged injurious conduct was in effect for too short of a duration to be litigated fully and there was a reasonable expectation of repetition. But it dismissed the claims without prejudice under Rule 12(b)(6) for failure to state a claim—prompting Mr. Davis to file an amended (and later a second amended) complaint with the court's permission.

In an order dated April 7, 2017, the district court ruled on the motion to dismiss the second amended complaint. This time, it held that Mr. Davis's First Amendment claims were moot under the constitutional mootness doctrine and dismissed them without prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction. It dismissed the remaining constitutional claims with prejudice under Rule 12(b)(6) for repeated failure to state a claim. And it dismissed the claims against a former director of the BOP for lack of personal jurisdiction under Rule 12(b)(2). Only the RFRA claim against the BOP remained.

The BOP served written discovery on the RFRA claim, but Mr. Davis failed to respond despite multiple court orders directing him to do so. Citing Mr. Davis's failure to prosecute his case, the BOP filed a motion for involuntary dismissal under Federal Rule of Civil Procedure 41(b), which the magistrate judge recommended granting. Mr. Davis objected to the magistrate judge's report and recommendation, but the district court adopted it and dismissed the case with prejudice in an order dated November 16, 2018.

Mr. Davis appeals on two grounds. First, he challenges the district court's dismissal of the claims relating to the CRs as moot under Rule 12(b)(1). Second, he challenges the dismissal of his RFRA claim under Rule 41(b).

## DISCUSSION

### I. The district court did not err in dismissing the constitutional claims relating to the CRs as moot.

As discussed above, the district court dismissed the majority of Mr. Davis's claims as moot under Rule 12(b)(1) in its April 7, 2017 order after finding that the BOP had removed his CRs in March 2015 and has no plans to reinstate them. The district court based its ruling primarily on a sworn declaration by Associate Warden Carr. We review a dismissal under Rule 12(b)(1) based on constitutional mootness de novo. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1122 (10th Cir. 2010). We review the district court's findings of jurisdictional facts for clear error, "view[ing] the evidence in the light most favorable to the district court's ruling." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 599 F.3d

5

1165, 1175 (10th Cir. 2010) (internal quotation marks omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).

On appeal, Mr. Davis accuses the associate warden of lying in his declaration but does not present evidence to contradict the declaration. Mr. Davis also complains that he never received a memorandum confirming that ADX had removed the CRs, without explaining why he believes a memorandum is required. Finally, Mr. Davis appears to argue that the BOP has unfairly administered its safety-oriented policies and has singled him out for harsher treatment than other ADX prisoners when monitoring his communications, mail, and cell activity.

We affirm for substantially the same reasons stated in the district court's April 7, 2017 order. *See* R., Vol. III at 396-97, 400-02. The record supports the facts underlying the district court's jurisdictional decision, and we see no clear error therein. Furthermore, the district court carefully outlined the applicable law and correctly explained why these claims do not present a live case or controversy as required by Article III of the Constitution.

Our recent decision in *Prison Legal News v. Federal Bureau of Prisons*, 944 F.3d 868 (10th Cir. 2019), bolsters the district court's determination that Mr. Davis's claims are moot. As explained above, the associate warden submitted a declaration stating that the BOP has removed the CRs that Mr. Davis is challenging and has no plans to reinstate them. The district court relied heavily on this declaration in

6

determining Mr. Davis's claims are moot, stating that it proves the CRs are no longer in effect and "cannot be reasonably expected to resume." R., Vol. III at 400-01. Similarly, the prison warden in *Prison Legal News* submitted a declaration stating that ADX would no longer refuse to distribute certain publications to inmates—the contested behavior in that case. 944 F.3d at 876-77. In upholding the district court's mootness determination, we reasoned that the declaration showed the BOP had altered the challenged policy such that it would not recur. *Id.* at 873, 883-84.

## II. The district court did not abuse its discretion in dismissing this action under Rule 41(b) for failure to prosecute.

In addition, the district court dismissed Mr. Davis's RFRA claim (and thus his lawsuit) under Rule 41(b) after he failed to respond to the BOP's written discovery and to comply with the district court's orders directing him to do so. We review a dismissal under Rule 41(b) for an abuse of discretion. *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 859-60 (10th Cir. 2018). "An abuse of discretion occurs where a decision is premised on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1223 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 638 (2018).

We discern no abuse of discretion here. Mr. Davis states on appeal that he did not respond to the discovery because he did not understand it and he was waiting for the district court to appoint counsel to assist him; besides, he was overwhelmed by the number of pending motions. But it is well established that a party's pro se status

7

does not excuse compliance with fundamental court rules, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), and the district court repeatedly reminded Mr. Davis of the severe consequences of noncompliance. As for legal representation, the district court clearly advised Mr. Davis there was no guarantee an attorney would undertake his representation despite a pending appointment order, and "[u]ntil that time, Plaintiff [was] responsible for representing himself in all aspects of this case, including responding to discovery requests and any related motions." R., Vol. III at 543.

In its November 16, 2018 order, the district court painstakingly outlined the chain of events that led to the Rule 41(b) dismissal. It then correctly explained the interplay between Federal Rules of Civil Procedure 16(f), 37(b)(2)(A), and 41(b), which together allow a district court to dismiss an action if a party fails to prosecute his case by disobeying a scheduling or other court order. R., Vol. IV at 126. Finally, it carefully applied the factors that a court must consider in evaluating whether to dismiss an action, which this court enumerated in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). It found that (1) Mr. Davis's noncompliance prejudiced the BOP by causing it to expend considerable resources; (2) his failure to prosecute interfered with the judicial process; (3) his litigation failures were willful in that he ignored court orders; (4) the district court provided Mr. Davis with advance notice that it could dismiss his case as a sanction; and (5) no lesser sanction would be effective. We agree with the district court's analysis and affirm for substantially the same reasons articulated in that order. *See* R., Vol. IV at 126-33.

8

## III.     Pending Motions

We grant Mr. Davis's motion for leave to proceed without prepayment of costs and fees but remind him that he is obligated to continue making partial payments until the entire fee has been paid.

We also grant Mr. Davis's motion to file his reply brief out of time based on his representation that he placed his reply brief in the prison mail system before the April 11, 2019 deadline; accordingly, the reply brief filed on April 23, 2019, is accepted for filing.  However, we deny his motion to file the twenty-seven exhibits attached to that reply brief.  The BOP has established that many of the exhibits are already part of the record on appeal, such that it would be duplicative to file them again.  *See* Aplees' Resp. to Mot. to File Exhs. at 2-4 (May 13, 2019) (addressing Exhibits 3-6, 8-12, 15, 17-19, 22-23).  The BOP also has established that the remaining exhibits were not before the district court, such that it would be inappropriate for this court to consider them on appeal.  *See id.* at 4-6 (addressing Exhibits 1-2, 7, 13-14, 16, 20-21, 24-27).

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

Entered for the Court


Joel M. Carson III
Circuit Judge

9