FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**July 11, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

TATYANA EVGENIEVNA
DREVALEVA,

    Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS; DENIS
RICHARD McDONOUGH, United States
Secretary of Veterans Affairs; ROBERT
WILKIE,

    Defendants - Appellees.

No. 21-2139
(D.C. No. 1:21-CV-00761-WJ-JFR)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Tatyana Evgenievna Drevaleva appeals the district court's order dismissing

her employment discrimination lawsuit against her former employer and several

individual defendants as a sanction for not following the court's orders and rules.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Ms. Drevaleva worked as a medical instrument technician at the Veterans Affairs Medical Center (VAMC) in New Mexico. After working there for about six weeks and while still in the probationary period of her employment, she asked her supervisor for leave without pay (LWOP) for six weeks to travel to Russia, where she planned to undergo in-vitro fertilization and search for a surrogate mother. Her supervisor informed her that to qualify for unpaid leave under the Family Medical Leave Act (FMLA), she had to be employed by VAMC for at least a year. She submitted a written LWOP request and left for Russia without waiting for approval. The request was denied and she was terminated for taking leave without permission. In the meantime, the VAMC hired two younger male technicians.

Ms. Drevaleva moved from New Mexico to California and filed an employment discrimination complaint against the Department of Veterans Affairs and the Secretary of Veterans Affairs in the Northern District of California, asserting claims for (1) gender and pregnancy discrimination; (2) disability discrimination and failure to accommodate; (3) age discrimination; (4) tort claims for libel and intentional infliction of emotional distress; and (5) deprivation of liberty and property without due process. She also filed a motion for a preliminary injunction, seeking reinstatement.

The district court denied the motion for a preliminary injunction. It also denied her motions to disqualify two assistant U.S. attorneys handling her case, barred her from filing more motions to disqualify, and denied a motion seeking leave

2

to file another motion to disqualify. The court ultimately dismissed some claims for lack of subject matter jurisdiction and dismissed the rest for failure to state a claim, but gave her an opportunity to seek leave to amend the complaint. She appealed the denial of the preliminary injunction to the Ninth Circuit and filed motions for an injunction in both district court and the Ninth Circuit. Both courts denied her motions for injunction pending appeal, and the Ninth Circuit affirmed the denial of her motion for preliminary injunction.

While the appeal was pending, Ms. Drevaleva filed an affidavit claiming the district court judge was biased against her. The court treated the affidavit as a motion to disqualify and another district court judge denied it, finding no evidence of partiality. She also moved to amend her complaint. After the appeal was resolved, the court denied the motion to amend as futile and entered judgment for defendants.

Ms. Drevaleva appealed the dismissal order to the Ninth Circuit. She filed another motion for preliminary injunction pending appeal in district court, which was denied. The Ninth Circuit denied her motions to vacate, for change of venue, and for injunction. It then reversed the dismissal order in part and remanded for reinstatement of the sex discrimination and failure-to-accommodate claims.

On remand, Ms. Drevaleva filed another motion for preliminary injunction. The district court denied it because, as in her previous motions, she did not address the standard for obtaining a preliminary injunction and failed to show a likelihood of success on the merits. The court also prohibited her from filing any additional

motions for preliminary injunction without leave.  She appealed the denial of her preliminary injunction motion, and the Ninth Circuit affirmed.

Ms. Drevaleva then filed a slew of motions in district court, including for leave to seek a permanent injunction (since she was barred from seeking a preliminary injunction), for summary judgment, for default judgment, for judgment on the pleadings, to file supplemental briefs, to strike defendants' answer, to disqualify opposing counsel, and to transfer the case to the District of New Mexico. The court granted the motion to transfer and denied the other motions.

In the District of New Mexico, Ms. Drevaleva requested an expedited combined jury trial and hearing on a motion for permanent injunction, which the court denied because she had not filed a motion for preliminary injunction.  She filed an appeal from that interlocutory order in this court.  In the meantime, she filed a flurry of motions in district court, including motions for electronic case filing (ECF) privileges, for an expedited jury trial, for court-appointed counsel, to disqualify opposing counsel, for partial summary judgment, and an application for certification of her lawsuit as one of general public importance.  She also filed a notice that the local rule governing summary judgment procedures did not apply to her and numerous filings she characterized as supplemental.

On September 14, 2021, the district court entered an order striking or denying all of the pending motions, referring the case to a magistrate judge, staying the case until the magistrate judge's issuance of a scheduling order, and ordering that any new filings be stricken.  In denying her motions and striking her "rash of repetitive

filings," R. at 556, the court outlined her abusive litigation practices while her case was pending in the Northern District of California, and it denied her request for ECF privileges based on her persistent "abuse of the privilege" in that court and her continued abuses after the case was transferred, R. at 543. The court detailed the ways in which her filings violated the federal and local rules—including the requirement to confer with opposing counsel before filing a motion and the page limitations and other requirements for summary judgment motions—and it found that her conduct "demonstrates a headstrong refusal to familiarize herself and comply with the rules of this Court." R. at 544. It expressed particular concern about her motion to disqualify defense counsel, which contained "offensive" and "baseless" accusations that counsel committed fraud, multiple felonies, and genocide, R. at 552-53, and which the court concluded came "perilously close to a Rule 11 violation," R. at 557. The court also found Ms. Drevaleva repeatedly violated the prohibition on ex parte communications with the judge and staff by "bombard[ing] chamber[s]" with multiple daily "belligerent and abusive" calls and e-mails. *Id.* It ordered her to stop contacting chambers directly and warned her "that a continuation of non-compliance with the federal procedural rules and this Court's local rules and orders" could result in "filing restrictions or sanctions to include dismissal of the case." *Id.* (bolding omitted).

The next day, Ms. Drevaleva e-mailed the judge (once ex parte), demanding that he recuse himself and seeking reconsideration of the denial of ECF privileges.

5

On September 17, 2021, the court issued an initial scheduling order. Among other things, the order set a deadline for the parties to meet and confer and file a Joint Status Report and Provisional Discovery Plan (JSR). The order provided a detailed explanation of the requirements for preparing and submitting the JSR.

Soon thereafter, Ms. Drevaleva e-mailed opposing counsel, the judge, and the magistrate judge a 264-page document she called her "Statement of Facts." R. at 618-881 (capitalization and emphasis omitted). Over the next several days, she sent more e-mails to the same group, ostensibly as part of her obligation to meet and confer with opposing counsel, attaching over 1500 pages of documents that she said were excerpts from the record in her Ninth Circuit appeal, and her objections to facts of an unspecified origin. She then filed several notices and motions and 23 certificates of service concerning letters she had sent to various individuals, including VA employees, federal judges, and opposing counsel, notifying them of her intent to add them as defendants.

On September 28, 2021, the court issued an order striking Ms. Drevaleva's filings, finding that they violated the September 14 stay order and did not comply either with the requirements of the scheduling order for preparation and submission of a JSR or the meet-and-confer requirements of Fed. R. Civ. P. 26(f). The court again ordered her to stop contacting chambers directly, explaining that doing so was prohibited even if she copied opposing counsel and that documents e-mailed to chambers would not be filed with the court. The court found that her habitual noncompliance was "intentional" and "rampant," and it admonished her that

6

"continuing this pattern of conduct will" result in "the imposition of SANCTIONS by the Court, MOST LIKELY DISMISSAL of her lawsuit." R. at 569. It further warned that "this Order serves as her FINAL WARNING" that any subsequent violations of court orders and rules "will result in" sanctions, "**INCLUDING DISMISSAL OF HER CASE WITH PREJUDICE, WITHOUT FURTHER NOTICE.**" R. at 572.

Undeterred, Ms. Drevaleva e-mailed the judge and magistrate judge about two weeks later, asking for permission to e-mail some 600 pages for filing as part of her portion of the JSR so that she would not have to print and mail them. Four days later, having received no response, she shipped those documents to the court, ignoring its directives regarding the proper submission of a JSR.

The court found that her communication with chambers and her voluminous filing violated the court's orders and rules. As a result, and consistent with its September 14 and 28 warning orders, it dismissed Ms. Drevaleva's remaining claims with prejudice as a sanction. She filed a flurry of post-judgment motions. The court denied them and imposed filing restrictions. She now appeals the dismissal order and several of the district court's pre-dismissal interlocutory orders.

**DISCUSSION**

1. **Dismissal Order**

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action for failure to comply with court rules or orders. Pro se litigants like Ms. Drevaleva are not immune from sanctions for failing to obey court orders. *See*

*Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) (affirming dismissal of pro se plaintiff's complaint under Rule 41(b)); *see also Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1160 (10th Cir. 2013) (affirming a district court's imposition of a default judgment as a Rule 37 sanction even though the offending party appeared pro se).

District courts have "very broad discretion to use sanctions where necessary" to ensure "the expeditious and sound management of the preparation of cases for trial." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011) (internal quotation marks omitted). The "[d]etermination of the correct sanction . . . is a fact-specific inquiry that the district court is best qualified to make." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

We "review for an abuse of discretion the district court's decision to impose the sanction of dismissal for failure to follow court orders and rules." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002). A court abuses its discretion when its decision is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Jensen v. W. Jordan City*, 968 F.3d 1187, 1200 (10th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 2627 (2021). Under this standard, we will uphold a district court's decision unless we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* at 1200-01 (internal quotation marks omitted).

Dismissal is "an essential tool in the sanction toolbox" because "district court judges need to be able to control their courtrooms." *King v. Fleming*, 899 F.3d 1140,

8

1149-50 (10th Cir. 2018). But it is "an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus*, 965 F.2d at 920. *Ehrenhaus* lists five factors a court should consider before choosing dismissal as a sanction: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (ellipsis and internal citations and quotation marks omitted).[1] The "first three factors, which analyze the wrongdoing and its effects, inform the decision to apply any sanction," and the last two aid the court in deciding which sanction to impose. *King*, 899 F.3d at 1150 & n.15.

Applying that test here, the district court found that dismissal was appropriate. It concluded the first three factors "weigh[ed] heavily in favor of imposing sanctions against [Ms. Drevaleva]." R. at 2114. It found that her conduct prejudiced defendants because they "had to waste their time and resources" responding to her "unnecessary," "frivolous," and "vexatious" filings, which "interfere[d] with their ability to defend themselves." R. at 2111, 2112. The court also found that because "there is no sign that [she] will change course," defendants "will continue to be prejudiced if the case is permitted to proceed." R. at 2112. The court described Ms. Drevaleva's conduct as "abusive treatment of the judicial process." R. at 2113.

---

[1] Although *Ehrenhaus* involved dismissal as a sanction for discovery violations, the same test applies in "resolving a variety of analogous violations," *King*, 899 F.3d at 1150, including violations of court orders and rules, *Nasious*, 492 F.3d at 1161-62 & 1162 n.4.

It explained that her frequent noncompliant and "repetitive filings . . . have consumed an inordinate amount of the Court's limited time and resources," R. at 2112 (quoting the September 28 order), and that her "e-mails to chambers force[d] the Court to turn its already stretched resources to address her continued attempts to circumvent Court rules and directives," R. at 2113. Finally, the court found that, as a pro se litigant, Ms. Drevaleva was "solely responsible for prosecuting her case." R. at 2114. It noted there was no indication that she did not understand the court's orders and rules. Indeed, it found that "her e-mails to chambers reflect[ed] [her] awareness" of the court's filing procedures and were an attempt to get around them. R. at 2116. It thus concluded she was culpable for her repeated violations. R. at 2114.

Turning to the remaining *Ehrenhaus* factors, the court found its September 14 and 28 orders gave Ms. Drevaleva "express and formal notice" that "dismissal of the action would be a likely sanction for" continued noncompliance with court orders and rules. R. at 2115. But she ignored those warnings and, based on her "continual willful violation of court rules and procedures," the court said it was "convince[d]" that lesser sanctions would not "curb [her] abuse of the litigation process" and "would not be effective." R. at 2116. The court noted that she "is no stranger to court orders and warnings about vexatious litigation conduct as evidenced by her record of abusive filings in" the Northern District of California, *id.*, and it found that "every indication is that she will continue to try and find ways around the Court's orders and rules," R. at 2112. In light of Ms. Drevaleva's insistence on "do[ing] exactly what she wants to do rather than what the Court requires," R. at 2116, the

court concluded her noncompliance was "intentional and willful," R. at 2117 (capitalization omitted), and that dismissal with prejudice was "the only suitable sanction," *id.*

Ms. Drevaleva did not even mention the *Ehrenhaus* test in her opening brief, much less explain why she thinks the district court's analysis was wrong.[2]  Instead, she devotes the majority of her brief to arguments challenging various interlocutory orders that pre-date the dismissal order.  In the context of those arguments, she takes issue with the court's findings in the September 14 and 28 orders that her filings were noncompliant and that her violations were intentional, blaming her conduct on opposing counsel.  She also maintains that she did not "deserve dismissal of [her] lawsuit with prejudice."  Aplt. Br. at 28-29.

Our review of the record supports the district court's factual findings, and Ms. Drevaleva's insistence that any noncompliance was unintentional and her attempts to shift blame are unpersuasive.

We recognize that she believes the district court erred by denying her requests for ECF privileges and refusing to accept her filings after it entered the stay order.

---

[2] In her reply brief, Ms. Drevaleva contends that neither she nor Appellees were "eligible to discuss" the *Ehrenhaus* factors in their appellate briefs because they did not address them in their district court filings.  Reply Br. at 11.  This contention conflates the requirement that an appellant raise an issue in district court before raising it on appeal with discussing the applicable legal standards.  The issue here is whether dismissal was an appropriate sanction.  That issue was properly preserved for appeal, and the *Ehrenhaus* test is the applicable legal standard, regardless of whether the parties addressed it below.

We also recognize that complying with the meet-and-confer obligations set forth in the court's scheduling order was difficult for her given her contentious relationship with opposing counsel.  But her disagreement with the court's orders did not justify her noncompliance—she was not free to decide on her own that she could ignore the stay and get around the court's filing requirements by e-mailing voluminous noncompliant documents to chambers.  *See Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 856 (10th Cir. 2018) (affirming dismissal of counterclaims as a sanction for noncompliance with disclosure order despite disobedient party's contention that court lacked authority to order disclosure).  "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."  *Maness v. Meyers*, 419 U.S. 449, 458 (1975).  Thus, the district court properly held that Ms. Drevaleva acted willfully when she disobeyed its orders, despite her subjective belief that the orders were wrong.  *See GTE Sylvania, Inc. v. Consumers Union of the U.S., Inc.*, 445 U.S. 375, 386 (1980) (holding that those subject to a court order "are expected to obey that [order] until it is modified or reversed, even if they have proper grounds to object to the order"); *see also Sheftelman v. Standard Metals Corp. (In re Standard Metals Corp.)*, 817 F.2d 625, 628-29 (10th Cir. 1987) (explaining that "willful failure" to follow court rules and orders includes "any intentional failure as distinguished from involuntary noncompliance.  No wrongful intent need be shown" (internal quotation marks omitted))*, on rehearing*, 839 F.2d 1383, 1387 (10th Cir. 1987).

12

Ms. Drevaleva's conclusory assertion that she did not deserve the unforgiving sanction of dismissal is insufficient to establish that the district court abused its discretion. This court has repeatedly upheld dismissal, including dismissal with prejudice, as a sanction for a party's refusal to obey court orders. *See King*, 899 F.3d at 1153-54 (affirming dismissal with prejudice as a sanction for persistent misconduct); *Auto-Owners Ins. Co.*, 886 F.3d at 856 (affirming order dismissing counterclaims with prejudice); *Lee*, 638 F.3d at 1320-21 (holding that a "district court's considerable discretion" in determining an appropriate sanction "easily embraces the right to dismiss . . . a case . . . when a litigant" repeatedly disobeys court orders); *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993) (affirming dismissal with prejudice where the sanctioned party "repeatedly ignored court orders and thereby hindered the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party"); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (collecting cases).

Finally, we reject Ms. Drevaleva's contention that the district court violated her right to due process by dismissing her case without issuing an order to show cause or giving her an opportunity to respond. In its September 14 and 28 orders, the court explained its expectations clearly and warned her that dismissal with prejudice would be the likely sanction if she continued to disobey court orders and rules. The September 28 order cautioned that it was the court's final warning and that further noncompliance would result in dismissal with prejudice with no further notice.

These warnings were more than adequate.[3]  *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1149-50 (10th Cir. 2007) (affirming dismissal despite lack of a specific warning by the district court of the possibility of dismissal, concluding that constructive notice was sufficient); *Gripe*, 312 F.3d at 1188 (affirming dismissal where court "twice clearly warned plaintiff that failure to follow court orders and rules could result in dismissal of his case"); *Jones*, 996 F.2d at 265 (affirming dismissal where district court warned that it "will, *sua sponte*, dismiss th[e] case with prejudice as a sanction for the continued" noncompliance (internal quotation marks omitted)).

Again, our review of the record supports the district court's determination that the *Ehrenhaus* factors were satisfied here, and Ms. Drevaleva has given us no reason to conclude that the district court "exceeded the bounds of permissible choice," *Jensen*, 968 F.3d at 1200-01 (internal quotation marks omitted).[4]  Accordingly, we

---

[3] The cases Ms. Drevaleva cites regarding the notice required before a court imposes filing restrictions are inapposite.

[4] Ms. Drevaleva's conduct in this court bolsters the district court's determination that her misconduct would continue if her case were allowed to proceed.  We initially allowed her to file electronically, but warned her that her ECF privileges would be revoked if she did not follow the rules or abused the privilege.  After she filed an emergency motion for permanent injunction and eleven supplements containing more than 4500 pages, we revoked her ECF privileges.  We also imposed filing restrictions because within two months of filing her appeal, she filed nineteen motions, including four motions for stay or injunction pending appeal and motions to disqualify the Department of Justice and strike opposing counsel's entry of appearance.  She also filed three original proceedings seeking similar relief.  The motions and petition for writ of mandamus concerning opposing counsel contained the same allegations of fraud, felonies, and genocide that troubled the district court.  Most of her filings exceeded the length limits, none complied with the

conclude the district court did not abuse its discretion by dismissing her claims with prejudice. *See Lee*, 638 F.3d at 1320-21.

## 2.    Interlocutory Orders

Ms. Drevaleva's appellate briefs focus primarily on her challenges to various interlocutory orders that pre-date the dismissal order, including the orders referring the case to the magistrate judge, revoking her ECF privileges, striking her filings, declining to strike defendants' filings, and denying her motions for court-appointed counsel, partial summary judgment, expedited jury trial, and permanent injunction.

Although these orders merge into the judgment, we decline to review them because doing so would be contrary to our prudential rule that we will rarely review a preceding, interlocutory order when a district court dismisses a case as a result of the plaintiff's litigation conduct. *See AdvantEdge Bus. Grp., L.L.C. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1237 (10th Cir. 2009) (declining to review interlocutory order in appeal following dismissal of plaintiff's complaint for failure to prosecute). Under that rule, the party seeking review must demonstrate good reasons why we should allow appellate review of an interlocutory order. *Id.* at 1238. In deciding whether to do so, we focus on the conduct that led to the dismissal. *Id.* at 1237-38 (recognizing that the "salutary principle" underpinning the prudential rule is "prohibiting manipulation of the district court processes to effect the premature review of an otherwise unappealable interlocutory order"). Here, the

---

rules regarding content and format, and few acknowledge the applicable legal standards.

district court found Ms. Drevaleva's failure to comply with court orders and rules was willful and interfered with the judicial process. The record supports that finding, and she advances no good reason for us to review the pre-dismissal orders. Accordingly, we will not review them. *See Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1183 (10th Cir. 2009) (declining to address summary judgment order in light of affirmance of dismissal as a sanction for abusive litigation practices); c*f. Sere v. Bd. of Trs. of Univ. of Ill.*, 852 F.2d 285, 288 (7th Cir. 1988) (declining to review interlocutory Rule 12(b) dismissal order that preceded dismissal of remaining claim as sanction for discovery violation); *John's Insulation, Inc. v. L. Addison & Assocs., Inc.*, 156 F.3d 101, 108 (1st Cir. 1998) (declining to review interlocutory orders preceding Rule 41(b) dismissal and default judgment imposed as sanction for plaintiff's delay and failure to follow court orders).

## CONCLUSION

We affirm the district court's order dismissing Ms. Drevaleva's complaint. We grant her motion to proceed without prepayment of costs and fees. We deny her motions for court-appointed counsel and to supplement the record with documents the district court received but either refused to file or struck.

Entered for the Court

Jerome A. Holmes
Circuit Judge